UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAMELA CARTER, on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FUNAI CORPORATION, INC. and PHILIPS ELECTRONICS NORTH AMERICA, INC.,<br><br>　　　　　Defendants. | Case No. _____ |

## CLASS ACTION COMPLAINT

Plaintiff Pamela Carter, on behalf of herself and all others similarly situated alleges the following based on personal knowledge, information and belief, and counsel's investigation and research:

### INTRODUCTION

This is a class action under Rule 23 of the Federal Rules of Civil Procedure brought on behalf of all persons (the "Class") residing in the United States who purchased a Magnavox LCD Television with the model numbers 15MF237S/27, 19MF3378B, 19MF337B/27, 26MF337B/27, 32MF231D/37, 32MF337B/27, 37MF231D, 42MF231D/27, 42MF231D/37, 42MF521D, 42MF237S, 47MF437B, 19MD357B/37, 26MD251D, 26MD357B/37, 32MD251D (hereafter the "Magnavox Televisions or "Televisions"). The claims asserted herein are premised on

462254.1 1                                                1

Defendants' breach of express warranties, and violation of the New Jersey Consumer Fraud Act ("CFA"), as described in more detail below.

1. Philips Electronics North America Corporation ("Philips"), itself or through related entities, manufactures televisions under the brand name "Magnavox." Until September 1, 2008, Philips also distributed, marketed and sold consumer products, including, but not limited to, Magnavox Televisions. Funai Corporation, Inc. ("Funai"), itself or through related entities, began distributing, marketing and selling Magnavox Televisions as of September 1, 2008.

2. As described below, the Defendants manufactured and sold thousands of Magnavox Televisions that possess a major, inherent defect. The defect causes the Televisions to suddenly lose picture, rendering the television unusable without repair (hereafter referred to as "the Picture Loss Defect").

3. The financial costs to members of the proposed Class as a result of this defect have been substantial. In addition to paying significantly more for the product than its true worth, the average cost to repair a defective Magnavox Television out of warranty is over $300. This sum is exclusive of any incidental costs incurred with these efforts. Many forgo paying for the repair, and must instead buy a replacement television.

4. On information and belief, the Defendants are aware of this defect and continue to manufacture and/or to sell the Televisions. The Defendants have failed to issue a recall or provide an adequate warranty for the Televisions.

5. This action seeks to force the Defendants to provide equitable, injunctive and monetary relief to Plaintiff and Class members who purchased defective Magnavox Televisions.

**PARTIES**

6. Plaintiff, Pamela Carter is a resident of the State of Florida, who purchased a

Magnavox Television for personal use.

7. Defendant Funai is a foreign corporation whose United States headquarters is in Rutherford, New Jersey.

8. Defendant Philips' principal headquarters in the United States are located in Andover, Massachusetts.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. In the aggregate, the claims of Plaintiff and the members of the Class exceed the jurisdictional minimum amount in controversy of $5,000,000.00, exclusive of costs and interest. 28 U.S.C. § 1332(d)(2)(A) and § 1332(6).

10. This Court has jurisdiction over the Defendants because they are actively doing business and/or did sufficient business in New Jersey, have sufficient minimum contacts in New Jersey, or otherwise intentionally avail itself of the markets within New Jersey, through production, promotion, sale, marketing and distribution of its products in New Jersey, to render the exercise of jurisdiction by this Court proper and necessary. Defendant Funai is headquartered in New Jersey, and has agents in New Jersey through which it sells Magnavox Televisions and other electronic products; advertises its products in this State; and derives significant revenue and income from residents of this State. In addition, class members' cause of action against Funai, as alleged below, were and are related to the Funai's contacts with this State.

11. Defendant Philips has significant contacts with the State of New Jersey. In addition, Philips has agents in this State through which it sold Magnavox Televisions through September 1, 2008. Philips also continues to advertise its products in this State and derives

significant revenue and income from residents of this State who purchase Magnavox Televisions manufactured by Philips.

12. Venue is proper in this District of New Jersey pursuant to 28 U.S.C. § 1391 because Defendant Funai is domiciled in this District and because all Defendants provide services to Class Members located in this District, conduct substantial business in this District, or otherwise have sufficient contacts with this District to justify it being fairly brought into court in this District.

13. In connection with the acts, transactions and conduct alleged herein, Defendants used the means and instrumentalities of interstate commerce, including the United States' mail and interstate telephone communication.

## BACKGROUND

14. Philips manufactured, marketed and sold Magnavox Televisions until January 1, 2008 when Funai began distributing, marketing and selling Magnavox Televisions manufactured by Philips.  Philips continues to manufacture Magnavox Televisions.

15. The Defendants regularly advertise their products—including Magnavox Televisions—through various mediums, including television, newspapers and the internet.

16. The Defendants also control repair and servicing of Magnavox Televisions carried out by the Defendants and/or through the outlets subject to the Defendants' limited warranties.

17. Magnavox Televisions come with a standardized limited warranty.  The warranty covers labor for ninety days and parts and display for one year.  The warranty, attached hereto as Exhibit A, provides, *inter alia*, the following coverage:

> LABOR: For a period of ninety (90) days from the date of
> purchase, Magnavox will repair or replace the product, at its
> option, at no charge, or pay the labor charges to any Magnavox

authorized repair facility. After the period of ninety (90) days, Magnavox will no longer be responsible for charges incurred.

PARTS: For a period of one (1) year from date of purchase, Magnavox will supply, at no charge, new or rebuilt replacement parts in exchange for defective parts. Magnavox authorized service centers will provide removal and installation of the parts under the specified labor warranty.

DISPLAY: For a period of One (1) year from the date of purchase, Magnavox will supply, at no charge, a new or rebuilt active display device in exchange for the defective display. Magnavox authorized service centers will provide removal and installation of the parts under the specified labor warranty.  (PTV screens carry a thirty (30) day replacement warranty.)

### The Picture Loss Defect

18.     The problems experienced by members of the Class as a result of the Picture Loss Defect are virtually identical:  The televisions either power off by themselves or no longer power up at all.  The Picture Loss Defect commonly manifests outside of the labor warranty period.

19.     If the Magnavox Television is out of warranty, customers will have to pay for the labor and/or parts necessary to fix the Picture Loss Defect out of their own pocket or purchase a new television to replace their defective Magnavox Television.  In either case, the customer has to spend hundreds of dollars as a result of the Picture Loss Defect.

20.     Hundreds of Magnavox LCD purchasers have complained on internet websites about defective Magnavox Televisions with identical symptoms.  For example:[1]

> ● **After numerous unproductive calls to the Magnavox Customer Support Line and as a last resort I have written a letter to Magnavox to demand a full refund for an LCD TV Magnavox LCD, Model: 32MF1D/37 Serial: BZ3A0609170320.  [T]he unit would turn off periodically by its self and/or the screen would go blank with the power remaining on. I have taken this TV to two separate repair**

---

[1]/     The quotes that follow are reproduced with any associated grammatical and/or spelling errors unchanged.

shops. The TV sat in the first repair shop for a month and a half July 2nd thru September 1st, while Magnavox failed to ship the desired part, a CBA Sealer, to the authorized dealer. I then took the TV to a second repair shop, where the TV has currently been for a month and 1/2, hoping to have a better outcome. This repair shop is stating the same issue, that Magnavox has not sent the part. [W]ARNING: Do not buy a Phillips/Magnavox product.

- We bought a 30 Magnavox LCD in November 2005. this past November 2007 the thing died. Magnavox's parts are over $300, which doesn't make it worth repairing. The repair shop said he has had nothing but problems with Magnavox/Phillips. Circuit City said just about everyone they sold came back defective. Where is the recall, Magnavox? I would be interested in joing a class action law suit against Phillips and Magnavox based upon all of the problems they have had.

- I have a 19in HD lcd magnavox that my brother gave to me because he was sick of trying to get it to work. It will turn on if it has been off for a few days and stay on anywhere from 10min- 2hours and then the picture decides to go blank. Somtimes the sound stays on when this happens, other times the sound will go out first and the picture will stay on for a few more min.  The company is no help….

- I bought a 37" magnavox at walmart on 5/15/07 , and it stopped working 12/31/07. It won't come on anymore, light just keeps blinking like its trying to come on, but won't.And listen to this, this is where they get you, the warrenty covers only the first 90 days for labor, and 1 year for parts. And the the repair shop that they sent me to (which is 1hr 30mins away) wants 100$ for labor just to look at it, not including what the repair will be.  I will never, never, never buy another LCD TV from Magnavox….

- I bought a Magnavox LCD Model 37MF23ID back in March of 2007. Just last week , February of 2008 the screen went black. It still has sound. The Magnavox customer service people are useless. They gave me the contact with a repair facility only for me to find out they want $479.00 in labor to look at it. I paid $1000.00 for this unit. The repair shop said these TV's are disposable now days. Phillips/Magnavox is a JOKE….

- My husband and I decided to retire our 13" zenith and buy a new flat panel LCD. We purchased it from Target and had it almost 120 days when we got up one morning to watch the news and nothing! It would not even come on. We had just watched it the night before. Of course it is out of wanrranty by 30 days and Magnavox is going to do

> **nothing. They did give us a list of service centers in our area to take it to and have it fixed, but after reading these complaints and hearing that the repair may be costly and it may only work for another 6 months we may cut our lossed and dig the 13" back out of my office and put it back out. I have had magnavox televisions in the past that have lasted 10 years. I can guarantee you that I will not throw my money away on another Magnavox Television again.**
>
> - **I have had the same problem with my 37 lcd Magnavox. It won't come on and the sound goes off. Now we leave it on all the time! They offered to furnish the part-but they admit it is not in stock now but I have to pay over 400 for the service. I have to use Morman's in Alanta and I live in Cleveland Tn. They won't let me use a cheaper repairman here. But he cannot get the part so I am at my witts end!**

### PLAINTIFF'S EXPERIENCE

21. Plaintiff Pamela J. Carter purchased her Magnavox Television, Model 37MF231d for approximately $800 on or about March of 2007.

22. Plaintiff's television experienced a sudden and permanent loss of picture in approximately January of 2009, after the expiration of her warranty. Plaintiff contacted Philip Consumer Electronics via the telephone and was told to take her television in for servicing.

23. On or about January 12, 2009, Plaintiff wrote Defendant Philips. Plaintiff noted that the repairs shops she spoke to informed her that the television was not worth repairing, even though it was not even two years old. They estimated $450 to $650 to repair the set. Plaintiff requested that Philips repair or replace her set.

24. Shortly afterwards, Philips wrote back to Plaintiff. Philips stated that, "according to the product registration/serial number the Manufacturer's Warranty has expired. The warranty is designed to accommodate services issues (parts, labor, and display) for 3 months labor and 12 months pars and display after purchase." Declaring it made a "thorough review of this matter," Philips stated it "is not able to offer assistance with the unit. Once the warranty has expired,

however, the consumer becomes responsible for any failures."

25. Subsequently, Plaintiff had a repairman examine her television. He diagnosed the problem as a defective power supply. He provided her with an estimate for $318.83 to fix her set.

26. Rather than pay to repair her defective television, Ms. Carter purchased a replacement television, a Samsung, for approximately $600.

27. Plaintiff Carter has been injured and suffered an ascertainable loss, including that her $800 Magnavox Television is completely unusable and not worth the amount she paid for it. The cost to repair her television equates to approximately 40% of the value of her television, making repair outside of the warranty unreasonable. Plaintiff also had to purchase a replacement television for approximately $600.

28. Plaintiff Carter would have not have purchased her Magnavox Television had she been aware of the Picture Loss Defect. Plaintiff, like reasonable consumers, expected her television to function well beyond 22 months after purchase, and well beyond the 3 month/ 12 month warranty Defendants supplied with her television set.

## CLASS ACTION ALLEGATIONS

29. This action is brought as a class action pursuant to Rule 23(a), Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure. The Class includes all persons and entities residing in the United States who purchased Magnavox Televisions. Excluded from the Class are the following:

    a. The Defendants, their subsidiaries and affiliates, officers, directors, and employees;

    b. Persons or entities that sell Magnavox Televisions at the retail level;

      c.      The presiding judge in this matter; and

      d.      Jurors who are called upon to hear this matter.

30.     Plaintiffs are informed and believe that there are thousands of current and former owners of Magnavox Televisions throughout the United States. The Class is, therefore, so numerous and geographically dispersed that joinder of all members in one action is impracticable.

31.     The Defendants have acted with respect to Plaintiff and members of the proposed Class in a manner generally applicable to each of them. There is a well-defined community of interest in the questions of law and fact involved, which affect all Class members. The questions of law and fact common to the Class predominate over the questions that may affect individual Class members, including the following:

      a.      Whether Magnavox Televisions have an inherent defect that causes sudden loss of picture and/or power;

      b.      Whether the Defendants were aware of this inherent defect before offering Magnavox Televisions for sale to prospective purchasers, and failed to inform class members of that defect;

      c.      Whether the 3 month/12 month limited warranty offered by Defendants is unconscionable in light of Defendants' superior bargaining position, and knowledge of the defect before purchase;

      d.      Whether the 3 month/12 month limited warranty offered by Defendants could rationally correspond to the reasonable consumers expectations of the lifespan of their LCD televisions;

e.  Whether the Defendants should have to extend the applicable warranties; provide notice of that warranty extension to customers; and repair or replace all Magnavox Televisions that have failed due to the Picture Loss Defect;

f.  Whether class members whose Magnavox Televisions have yet to malfunction due to the Picture Loss Defect are entitled to declaratory relief that obligates the Defendants to repair or replace Magnavox Televisions when the Picture Loss Defect causes the Televisions to stop functioning properly; and

g.  Whether Funai's conduct constitutes violations of the New Jersey Consumer Fraud Act ("CFA");

h.  Whether class members are entitled to treble damages pursuant to the CFA; and

i.  The amount of monetary recovery Plaintiff and members of the proposed Class are entitled to receive, including compensatory and statutory damages, punitive damages, and restitution.

32. Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interests that are antagonistic to or in conflict with those she seeks to represent.

33. Plaintiff has retained counsel who have considerable experience in the prosecution of class actions and other forms of complex litigation.

34. In view of the complexity of the issues and the expense that an individual plaintiff would incur if he or she attempted to obtain relief from large, transnational corporations such as Philips and Funai, the separate claims of individual Class members are monetarily insufficient to support separate actions. Because of the size of the individual Class members' claims, few, if

any, Class Members could afford to seek legal redress for the wrongs complained of in this Complaint.

35. The Class is readily definable, and prosecution as a class action will eliminate the possibility of repetitious litigation and will provide redress for claims too small to support the expense of individual, complex litigation.  Absent a class action, Class Members will continue to suffer losses, the Defendants' violations of law will be allowed to proceed without a full, fair, judicially supervised remedy, and the Defendants will retain sums received as a result of its wrongdoing.  A class action therefore provides a fair and efficient method for adjudicating this controversy.

36. The prosecution of separate claims by individual class members would create a risk of inconsistent or varying adjudications with respect to thousands of individual Class members, which would, as a practical matter, dispose of the interests of the Class members not parties to those separate actions or would substantially impair or impede their ability to protect their interests and enforce their rights.

## FIRST CAUSE OF ACTION
### (BREACH OF EXPRESS WARRANTY – ALL DEFENDANTS)

37. Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

38. Defendants provided affirmations of fact and specific descriptions (the Written Warranty described above and attached at Exhibit A) to all purchasers of its Televisions, which became part of the basis of the bargain and constitutes an express warranty.

39. Defendants breached its express warranty by (a) supplying to Plaintiff and class members a television with a defect that existed at the time or sale; and (b) failing to cure Plaintiff and Class Members' defective televisions by repairing the televisions, replacing the television

with a non-defective, functionally-equivalent television, or refunding the purchase price.

40.     Defendants knew of the defect before it sold the Magnavox Televisions to Plaintiff and Class Members and has had a reasonable opportunity to cure the defect, but has failed to do so.

41.     In addition, hundreds of consumers have complained online about defective Magnavox televisions both before and after Plaintiff's purchase.  Defendants have not acted to recall the televisions or provide equivalent benefits to Class Members.

42.     Defendants knew the Magnavox Televisions were defective and would fail well before the reasonable consumer would expect, thereby rendering the time limitations in the warranties unconscionable.  Among other things, Class members had no meaningful choice in determining those time limitations; the terms of the express warranties unreasonably favored the Defendants over members of the Class; and a gross disparity in bargaining power existed between Defendants and the members of the Class.

43.     Resorting to any informal dispute settlement procedure and/or affording Defendants opportunities to cure its breach of express warranty would be futile.  Defendants specifically rejected Plaintiffs; request to replace her Television or refund her money.

44.     As a direct and proximate result of Defendants' breach of express warranty, Plaintiff and Class Members are entitled to legal and equitable relief against Defendants, including damages, specific performance, and a declaration that Defendants breached the express warranty, attorneys' fees, costs of suit, and other relief as appropriate.

## SECOND CAUSE OF ACTION
### (Violations of N.J.S.A. § 56:8-2 – Defendant Funai)

45.     Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

46. Funai is engaged in trade and commerce, and maintains its principal place of business, in the State of New Jersey.

47. As detailed above, Funai has violated N.J.S.A. § 56:8-2 by engaging in unfair, fraudulent, and unconscionable conduct, including the following:

    a. Marketing, advertising, and selling Magnavox Televisions that they know are likely to fail due to the Picture Loss Defect; and

    b. Concealing and failing to disclose to purchasers and prospective purchasers the material fact that their Televisions suffer from the Picture Loss Defect, which can severely limit the product's lifespan.

48. As a proximate result of Funai's conduct, as alleged above, Plaintiff and the proposed Class have suffered an ascertainable loss and actual injury for which they are entitled to legal and equitable relief, including treble damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the members of the proposed Class, demand judgment as follows:

1. A determination that this action is a proper class action maintainable pursuant to Fed. R. Civ. P. Rule 23(a), (b)(2) and (b)(3) with respect to the proposed Class, and appointing Plaintiff representative of the Class;

2. Equitable and injunctive relief for Class members, including declaratory relief pursuant to Federal Rule of Civil Procedure 57:

    a. Enjoining Defendants from pursuing the policies, acts and practices described in this Complaint;

      b.      Ordering Defendants to extend the terms of the warranty on the Television Sets to a reasonable length of time;

      c.      Ordering Defendants to give members of the Class Notice of the defect;

      d.      Ordering Defendants to repair or replace defective Magnavox Televisions; and

      e.      Ordering Defendants to pay full restitution of all profits earned through their deceptive conduct by setting up a constructive trust of the profits that served to unjustly enrich Defendants, together with interest during the period in which Defendants have retained such funds, and requiring Defendants to disgorge those funds to Plaintiff and members of the proposed Class in a manner to be determined by the Court.

3.      An order awarding damages;

4.      An order awarding treble damages for Defendant Funai's violations of N.J.S.A. § 56:8-2;

5.      An award of attorney fees;

6.      An award of costs;

7.      An award of pre- and post-judgment interest on all amounts awarded; and

8.      Any and all other relief that the Court may deem just and appropriate.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated: June 18, 2009

Respectfully submitted,

SHALOV, STONE BONNER & ROCCO, LLC

By: /s/ Patrick L. Rocco

Patrick L. Rocco
Lee S. Shalov
65 Madison Avenue
Suite 333
Morristown, NJ 07960
(973) 998-6925

Andrew N. Friedman
Douglas J. McNamara
Whitney R. Case
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New Jersey Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
(202) 408-4600

Paul W. Rebein
The Rebein Law Firm, PLLC
500 E. Kennedy Blvd.
Suite 100
Tampa, FL  33602
(813) 356-0567

Plaintiff's Counsel