# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

PAMELA CARTER, on behalf of
herself and all others similarly situated,

      Plaintiff,

v.

FUNAI CORPORATION, INC. and
PHILIPS ELECTRONICS NORTH
AMERICA, INC.,

      Defendants.

Case No. 2:09-CV-03072-PGS-ES

Oral Argument Requested
Motion Date:  September 8, 2009

---

## MEMORANDUM OF LAW IN SUPPORT OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S MOTION TO DISMISS

---

Leda Dunn Wettre
ROBINSON, WETTRE & MILLER LLC
One Newark Center, 19th Floor
Newark, New Jersey 07102
(973) 690-5400
lwettre@rwmlegal.com

Matthew J. Calvert
Ashley Cummings
HUNTON & WILLIAMS LLP
600 Peachtree Street, N.E.
Bank of America Plaza, Suite 4100
Atlanta, Georgia 30308-2216
(404) 888-4000
mcalvert@hunton.com
acummings@hunton.com

*Attorneys for Philips Electronics North America Corporation*

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................... i

TABLE OF AUTHORITIES .................................................................................. ii

I.     Preliminary Statement .................................................................................. 1

II.    Background ..................................................................................................... 2

   A.  The Plaintiff's Television ............................................................................ 2

   B.  The Limited Warranty .................................................................................. 2

   C.  The Alleged "Picture Loss Defect" ............................................................ 3

   D.  The Lawsuit .................................................................................................. 4

III.   Argument ........................................................................................................ 5

   A.  The Express Warranty Claim Does Not Meet Rule 12(b)(6) Standards ........ 5

   B.  Philips Did Not Breach Its Limited Warranty ............................................ 6

      1.  Plaintiff Did Not Request Warranty Service During The Warranty
          Period ...................................................................................................... 6

         a.  An Express Warranty Does Not Cover Repairs  After The
             Warranty Period Has Expired ............................................................ 7

         b.  Courts Have Dismissed Similar Express Warranty Claims ..............10

      2.  Plaintiff's Allegation That The Limited Warranty  Is Unconscionable
          Does Not Avoid Dismissal....................................................................12

   C.  Plaintiff Is Not Entitled To The Injunctive Relief Sought ..........................16

IV.   Conclusion.....................................................................................................17

## TABLE OF AUTHORITIES

**Cases**                                                                                                **Page**

*Abraham v. Volkswagen of Am., Inc.,*
    795 F.2d 238 (2d Cir. 1986)..........................................................7, 8, 9, 15

*Angel v. Goodman Mfg. Co.,*
    No. 08-5076, 2009 WL 1532344 (10th Cir. June 3, 2009) .........................16

*B & S Ltd., Inc. v. Elephant & Castle Intern., Inc.,*
    906 A.2d 511(N.J. Super. Ct. Ch. Div. 2006).............................................12

*Bailey v. Monaco Coach Corp.,*
    350 F. Supp. 2d 1036 (N.D. Ga. 2004)........................................................9

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)...................................................................................5

*Bishop v. GNC Franchising LLC,*
    248 Fed. Appx. 298 (3d Cir. 2007) ...........................................................5

*Bland, ex rel. Coker v. Health Care & Retirement Corp. of Am.,*
    927 So. 2d 252 (Fla. 2d DCA 2006)..........................................................12

*Brisson v. Ford Motor Co.,*
    602 F. Supp. 2d 1227 (M.D. Fla. 2009)................................................6, 7, 9

*Brothers v. Hewlett-Packard Co.,*
    No. C-06-0254 RMW, 2006 WL 3093685
    (N.D. Cal. Oct. 31, 2006)....................................................................11, 14

*Cambridge Eng'g, Inc. v. Robertshaw Controls Co.,*
    966 F. Supp. 1509 (E.D. Mo. 1997) ...........................................................8

*Canal Elec. Co. v. Westinghouse Elec. Co.,*
    973 F.2d 988 (1st Cir. 1992) ......................................................................8

*Clemens v. DaimlerChrysler Corp.*,
    534 F.3d 1017 (9th Cir. 2008)................................................................................15

*Cooper v. Samsung Elecs. Am., Inc.*, No. 07-3853,
    2008 WL 4513924 (D.N.J. Sept. 30, 2008) ..........................................12, 13

*David v. Am. Suzuki Motor Corp.*,
    No. 1:08-CV-22278, 2009 WL 1838323 (S.D. Fla. June 16, 2009).............15

*Daugherty v. Am. Honda Motor Co.*,
    51 Cal. Rptr. 3d 118 (2006) ........................................................................9

*Dewey v. Volkswagen AG*,
    558 F. Supp. 2d 505 (D.N.J. 2008)..............................................................7

*Duquesne Light Co. v. Westinghouse Elec. Corp.*,
    66 F.3d 604 (3d Cir. 1995).......................................................................7, 8

*Evitts v. DaimlerChrysler Motors Corp.*,
    834 N.E.2d 942 (Ill. App. 2005)................................................................15

*Haynes v. Ford Motor Co.*,
    435 So. 2d 1227 (Ala. 1983) .......................................................................8

*Klaxon Co. v. Stentor Elec. Mfg. Co.*,
    313 U.S. 487 (1941).....................................................................................6

*Kodiak Elec. Ass'n v. DeLaval Turbine, Inc.*,
    694 P.2d 150 (Alaska 1984) ......................................................................11

*McCalley v. Samsung Elecs. Am., Inc.*,
    No. 07-2141, 2008 WL 878402 (D.N.J. Mar. 31, 2008) ...........................10

*Morse v. Lower Merion Sch. Dist.*,
    132 F.3d 902 (3d Cir. 1997)........................................................................5

*Ocana v. Ford Motor Co.*,
    992 So. 2d 319 (Fla. 3d DCA 2008)............................................................6

*Payne v. Fujifilm U.S.A., Inc.*,
No. 07-385, 2007 WL 4591281 (D.N.J. Dec. 28, 2007) .............................12

*Phillips v. County of Allegheny*,
515 F.3d 224 (3d Cir. 2008)...........................................................................5

*Progressive Ins. Co. v. Sacramento County Coach Showcase*,
No. 2:07-CV-01087, 2008 WL 5377993 (D. Nev. Dec. 23, 2008) ...............8

*Sommer v. Federal Signal Corp.*,
593 N.E.2d 1365 (N.Y. Ct. App. 1992)......................................................15

*Spence-Parker v. Del. River & Bay Auth.*,
616 F. Supp. 2d 509 (D.N.J. 2009)...............................................................6

*Walsh v. Ford Motor Co.*,
130 F.R.D. 260 (D.D.C. 1990) ....................................................................16

## I.  PRELIMINARY STATEMENT

Plaintiff Pamela Carter asserts against defendant Philips Electronics North America Corporation the sole claim of breach of express warranty.  She alleges that her Television[1] malfunctioned approximately 22 months after purchase and long after the Limited Warranty (90 days labor, one year parts and display) expired.  The law is clear:  a defendant's refusal to repair or replace a product after an express limited warranty has expired will not support a claim for breach of that warranty.  Carter does not allege that she asked Philips to repair her Television within the applicable warranty period.  Therefore, her breach of express warranty claim must be dismissed.

Even if Plaintiff had stated a claim for breach of express warranty, that alleged breach does not establish a basis for injunctive relief.  Carter asks the Court to extend the Limited Warranty term.  But the law does not permit courts to rewrite the terms of an express warranty.

---

[1] The subject of the Class Action Complaint ("Complaint") are Magnavox LCD Televisions with the model numbers 15MF237S/27, 19MF3378B/27, 19MF337B/27, 26MF337B/27, 32MF231D/37, 32MF337B/27, 37MF231D, 42MF231D/27, 42MF231D/37, 42MF521D, 42MF237S, 47MF437B, 19MD357B/37, 26MD251D, 26MD357B/37, 32MD251D (the "Televisions"). Philips recites here the facts alleged in the Complaint *only* for purposes of its Motion to Dismiss, and such recitation should not be construed as an admission.

1

## II. BACKGROUND

### A.   The Plaintiff's Television

Carter is a Florida resident.  Complaint ¶ 6.  In March 2007, she paid approximately $800 for a Magnavox Television (Model 37MF231D).  *Id.* ¶ 21. Carter alleges that her Television "experienced a sudden and permanent loss of picture in approximately January of 2009, ***after*** the expiration of her warranty." *Id.* ¶ 22 (emphasis added).

### B.   The Limited Warranty

Philips previously distributed Magnavox-brand televisions, including those that are the subject of the Complaint.  *See* Complaint ¶ 1.  Carter's Television was accompanied by the Magnavox Limited Warranty.  *See id.* ¶ 17 & Ex. A.  The Limited Warranty covers the cost of parts and labor to repair the Television within 90 days of purchase.  *Id.*  In addition, the Limited Warranty covers the cost of parts and will replace a defective display within one year of purchase.  *Id.*

Specifically, the Limited Warranty provides:

> LABOR:  For a period of ninety (90) days from the date of purchase, Magnavox will repair or replace the product, at its option, at no charge, or pay the labor charges to any Magnavox authorized repair facility.  After the period of ninety (90) days, Magnavox will no longer be responsible for the charges incurred.

> PARTS:  For a period of one (1) year from the date of purchase, Magnavox will supply, at no charge, new or rebuilt replacement parts in exchange for defective parts.  Magnavox

2

authorized service centers will provide removal and installation of the parts under the specified labor warranty.

DISPLAY: for a period of one (1) year from the date or purchase, Magnavox will supply, at no charge, a new or rebuilt active display device in exchange for the defective display. Magnavox authorized service centers will provide removal and installation of the parts under the specified labor warranty. (PTV screens carry a thirty (30) day replacement warranty.)

Complaint ¶ 17 & Ex. A.

According to Carter, she contacted Philips by telephone and "was told to take her television in for servicing." Complaint ¶ 22. After receiving an estimate from the service center, Carter wrote to Philips on or about January 12, 2009 asking that Philips repair or replace the Television. *Id.* ¶ 23. Carter says that Philips responded in writing, explaining that the Limited Warranty had expired and thus it would not repair or replace the Television. *Id.* ¶ 24. Carter decided to purchase a "replacement television." *Id.* ¶ 26.

## C.    The Alleged "Picture Loss Defect"

Carter contends that she and other putative class members experienced "virtually identical" problems with their Televisions, namely: "The televisions either power off by themselves or no longer power up at all." Complaint ¶ 18. According to Carter, the so-called Picture Loss Defect "commonly manifests outside of the labor warranty period." *Id.*

D.      **The Lawsuit**

Carter filed this action on June 24, 2009, individually and on behalf of "all persons and entities residing in the United States who purchased Magnavox Televisions."  Complaint ¶ 29.  She asserts a single cause of action against Philips: breach of express warranty.  *Id.* ¶¶ 37-44.  The express warranty allegedly breached is the Limited Warranty described above.  *Id.* ¶ 38.

Carter contends that Philips breached the Limited Warranty by:  (1) selling Televisions "with a defect that existed at the time of sale"; and (2) failing to cure the alleged defect by repairing the Televisions, replacing the Televisions "with a non-defective, functionally equivalent television, or refunding the purchase price." *Id.* ¶ 39.  Carter further charges that Philips "knew the Magnavox Televisions were defective and would fail well before the reasonable consumer would expect, thereby rendering the time limitations in the warranties unconscionable."  *Id.* ¶ 42.

Carter seeks to recover, on behalf of herself and others similarly situated, "legal and equitable relief" including damages, specific performance, a declaration that Philips breached the express warranty, attorneys' fees and costs.  *Id.* ¶ 44.

4

## III.    ARGUMENT

**A.    The Express Warranty Claim Does Not Meet Rule 12(b)(6) Standards**

In deciding a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).  To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," not merely one that is "conceivable."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Courts will not accept legal conclusions cast in the form of factual allegations.  *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997); *see also Twombly*, 550 U.S. at 555 ("[L]abels and conclusions," or "a formulaic recitation of the elements of a cause of action" are not enough).  Nor is it enough that a plaintiff "might later establish some 'set of [undisclosed] facts' to support recovery."  *Id.* at 561.  Regardless of the alleged facts, however, "a court may grant a motion to dismiss under Rule 12(b)(6) if there is a dispositive issue of law."  *Bishop v. GNC Franchising LLC*, 248 Fed. Appx. 298, **1 (3d Cir. 2007).

Under Rule 12(b)(6), the Court should dismiss Carter's express warranty claim.  As a matter of law, Philips did not breach the Limited Warranty, nor are the terms of the Limited Warranty unconscionable.  Moreover, even if the express

warranty claim were to survive, the injunctive relief sought — namely, a globally

extended warranty for repair or replacement — is not a proper remedy.

**B.    Philips Did Not Breach its Limited Warranty**

      **1.    Plaintiff Did Not Request Warranty Service
          During the Warranty Period**

The mere allegation that Carter's Television was defective does not support

a claim for breach of the Limited Warranty. "To assert a cause of action for breach

of express warranty under Florida law, a consumer must allege that the

manufacturer did not comply with the limited express warranty's terms."[2] *Brisson*

*v. Ford Motor Co.*, 602 F. Supp. 2d 1227, 1231 (M.D. Fla. 2009); *see also Ocana*

*v. Ford Motor Co.*, 992 So. 2d 319, 324 (Fla. 3d DCA 2008); *In re Samsung Elecs.*

*Am., Inc. Blu-Ray Class Action Litig.*, No. 08-0663, 2008 WL 5451024 (D.N.J.

---

[2] Carter does not specify where she purchased her Television, but alleges that she is a Florida resident who purchased the Television for personal use. Complaint ¶ 6. A federal court sitting in diversity applies the choice of law rules of the state in which the court sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496-497 (1941). If Carter's purchase occurred in Florida, Florida law would govern her express warranty claim. *See Spence-Parker v. Del. River & Bay Auth.*, 616 F. Supp. 2d 509, 523 (D.N.J. 2009) (state law with the "most meaningful connections" to the transaction and the parties governs). In any event, Plaintiff's allegations do not state a claim under either Florida or New Jersey substantive law, both of which have adopted the Uniform Commercial Code ("UCC"). (That is not to say that every state applies the UCC uniformly, only that for purposes of this motion the outcome under Florida and New Jersey law would be the same.)

Dec. 31, 2008).  A complaint that does not allege that the plaintiff sought repair during the warranty period should be dismissed.  *See Brisson*, 602 F. Supp. 2d at 1231 (dismissing express warranty claim).  As a matter of law, Philips did not breach the Limited Warranty because Plaintiff did not request that Philips repair the Television within the applicable period.

### a. An Express Warranty Does Not Cover Repairs After the Warranty Period Has Expired

It is well settled that a defendant's refusal to repair or replace a product after the express warranty has expired will not support a claim for breach of that warranty.  *See, e.g., Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 616-17 (3d Cir. 1995) (affirming dismissal of express warranty claim).  Indeed, "the general rule is that an express warranty does not cover repairs made after the applicable time . . . periods have elapsed."  *Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 250 (2d Cir. 1986).  *See also Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022-23 (9th Cir. 2008) (affirming dismissal claim because an express warranty does not cover repairs sought after warranty period expires).  This Court recently reiterated the rule: "if the repair is sought outside the warranty period, it is not covered by the express warranty."  *Dewey v. Volkswagen AG*, 558

F. Supp. 2d 505, 520 (D.N.J. 2008) (Hochberg, J.) (dismissing express warranty claim).[3]

Carter alleges that she sought a repair *after* the Limited Warranty expired. Complaint ¶¶ 21-22.  Thus, there is no breach of express warranty.

Carter's allegation that the Televisions have an "inherent defect" that "existed at the time [of] sale," Complaint ¶¶ 31, 39, does not save her express warranty claim.  The Third Circuit has rejected this attempt at artful pleading: "[L]atent defects discovered after the term of the warranty are not actionable." *Duquesne*, 66 F.3d at 616; *see also Abraham*, 795 F.2d at 249-50 (same).  So has the First Circuit:  "[C]ase law almost uniformly holds that time-limited warranties do not protect buyers against hidden defects — defects that may exist before, but typically are not discovered until after, the expiration of the warranty period." *Canal Elec. Co. v. Westinghouse Elec. Co.*, 973 F.2d 988, 933 (1st Cir. 1992).

---

[3] *See also, e.g., Progressive Ins. Co. v. Sacramento County Coach Showcase*, No. 2:07-CV-01087, 2008 WL 5377993, *4 (D. Nev. Dec. 23, 2008) (dismissing breach of express warranty claims where product malfunctioned outside of the limited warranty period); *Cambridge Eng'g, Inc. v. Robertshaw Controls Co.*, 966 F. Supp. 1509, 1511 (E.D. Mo. 1997) (by failing to seek repair during the warranty period, "[plaintiff's] breach of express warranty claim is barred"); *cf. Haynes v. Ford Motor Co.*, 435 So. 2d 1227, 1230 (Ala. 1983) (affirming grant of summary judgment in favor of manufacturer where limited warranty had expired, holding that "there was no refusal to honor a warranty because it did not apply").

Simply put, "'[a] warranty itself is not breached simply because a defect occurs.'"
*Brisson*, 602 F. Supp. 2d at 1231 n.3 (quoting *Bailey v. Monaco Coach Corp.*, 350
F. Supp. 2d 1036, 1044 (N.D. Ga. 2004) (applying Florida law)).

In fact, "virtually all product failures discovered" after an express warranty
expires "can be attributed to a 'latent defect' that existed at the time of sale."
*Abraham*, 795 F.2d at 250.  Therefore, it would render the limited warranty
meaningless to allow a claim for breach of express warranty to go forward even
though the warranty has expired.  *Id.*  All products have an effective life and thus
an "inherent" defect, but a product performs as expressly warranted if it does not
fail until after the warranty period expires.

> Every manufactured item is defective at the time of sale in the
> sense that it will not last forever; the flip-side of this original
> sin is the product's useful life.  If a manufacturer determines
> that useful life and warrants the product for a lesser period of
> time, we can hardly say that the warranty is implicated when
> the item fails after the warranty period expires.

*Clemens*, 534 F.3d at 1023.

To hold otherwise would allow the exception proposed by Plaintiff (e.g., a
latent defect) to swallow the rule, changing "the landscape of warranty and product
liability law."  *Daugherty v. Am. Honda Motor Co.*, 51 Cal. Rptr. 3d 118, 122
(2006).  Indeed, "[f]ailure of a product to last forever would become a 'defect,' a
manufacturer would no longer be able to issue limited warranties, and product

defect litigation would become as widespread as manufacturing itself." *Id.*
(affirming dismissal of express warranty claim).  Innovation would be sorely
hampered, and consumer prices would rise, if manufacturers and distributors were
not allowed to limit their warranty liability to a defined period of time.

> **b.**     **Courts Have Dismissed Similar Express Warranty Claims**

Recently, this Court dismissed a breach of express warranty claim brought
on behalf of a putative class of Samsung television purchasers.  *See McCalley v.
Samsung Elecs. Am., Inc.*, No. 07-2141, 2008 WL 878402, at *6-7 (D.N.J. Mar. 31,
2008) (Greenaway Jr., J.).  Like Carter, the *McCalley* plaintiff alleged that the
televisions "tend to malfunction after the expiration of Samsung's one-year express
warranty." *Compare id.* at *7 *with* Complaint ¶ 18 ("The Picture Loss Defect
commonly manifests outside of the labor warranty period.").  The express warranty
claim fell "outside of the relevant warranty period," thus the plaintiff failed to state
a claim for breach of express warranty.  *Id.* at *6-7.  Nor was it of any consequence
that the alleged defect was "'contained in every one of the [t]elevisions at the time
of delivery.'" *Compare id.* at *6 *with* Complaint ¶¶ 31, 39 (alleging an "inherent
defect" that "existed at the time [of] sale").

In *Ball v. Sony Electronics, Inc.,* a similarly-plead putative class action, the
named plaintiffs asserted a breach of express warranty claim against Sony.  No. 05-
C-307-S, 2005 WL 2406145, at *2 (W.D. Wis. Sept. 28, 2005).  One plaintiff's

camcorder became inoperable approximately one year after she purchased it, while the other plaintiff's camcorder failed approximately two years after purchase. *Id.* Each named plaintiff elected not to repair the camcorder after learning that it would cost more than $200 to do so. *Id.* The plaintiffs did not allege that their camcorders malfunctioned, or were presented to Sony, within the period prescribed by the limited warranty. *Id.* at *6. Therefore, the court held that the plaintiffs failed to state a claim for breach of express warranty. *Id.*[4]

Likewise, Carter's breach of express warranty claim must fail because the Television allegedly malfunctioned approximately 22 months after the date of purchase, by which time the 90-day/one-year Limited Warranty had expired. *See* Complaint ¶¶ 21-22, 28. Because the Television did not malfunction within the warranty period, Carter was not denied the benefit of the express warranty.

---

[4] *See* Section III.B.2 *infra* (discussing the *Ball* court's rejection of the plaintiffs' allegation that Sony's Limited Warranty was unconscionable). *See also*, *e.g.*, *Goodman Mfrg. Co.*, 2009 WL 1532344, at *4-5 (10th Cir. June 3, 2009) (affirming grant of summary judgment in a putative nationwide class action where no defect arose in named plaintiff's air conditioner within the warranty period); *Brothers v. Hewlett-Packard Co.*, No. C-06-0254 RMW, 2006 WL 3093685, at *7 (N.D. Cal. Oct. 31, 2006) (dismissing express warranty claim because "[t]o the extent plaintiff alleges that HP breached the warranty by failing to repair the computer . . . it is undisputed that the warranty had already expired."); *Kodiak Elec. Ass'n v. DeLaval Turbine, Inc.*, 694 P.2d 150, 157 (Alaska 1984) (where "the defect did not make its presence known until . . . nearly a year after the warranty had expired," the plaintiff did not have a breach of warranty claim).

11

2.     **Plaintiff's Allegation that the Limited Warranty is Unconscionable Does Not Avoid Dismissal**

Plaintiff contends that the Limited Warranty should be extended because the time limitation is unconscionable.  Complaint ¶ 42 & at 14.  Under Florida law, a contract provision is not unconscionable unless it is "so outrageously unfair as to shock the judicial conscience," such that "no man in his senses and not under delusion would make."  *Bland, ex rel. Coker v. Health Care & Retirement Corp. of Am.*, 927 So. 2d 252, 255-257 (Fla. 2d DCA 2006); *see also B & S Ltd., Inc. v. Elephant & Castle Intern., Inc.*, 906 A.2d 511, 522 (N.J. Super. Ct. Ch. Div. 2006) (an unconscionable contract imposes "the exchange of obligations so one-sided as to shock the court's conscience").  There is nothing unconscionable about a 90-day labor/one-year parts limited warranty on an $800 television.

Plaintiffs are not aided by *Cooper v. Samsung Electronics America, Inc.*, No. 07-3853, 2008 WL 4513924 (D.N.J. Sept. 30, 2008) (Linares, J.).  There, the Court held that the plaintiff's allegation of unconscionability would have been better decided on motion for summary judgment rather than "at the stage of a motion to dismiss."  *Id.* at *3; *see also Payne v. Fujifilm U.S.A., Inc.*, No. 07-385, 2007 WL 4591281, at *5 (D.N.J. Dec. 28, 2007) (Greenaway Jr., J.).  This analysis reads UCC § 2-302 too broadly and undermines the longstanding rule that an express warranty claim for failure to repair outside the warranty period should be

12

dismissed.  *Cooper* nevertheless dismissed the plaintiff's breach of express warranty claim, reasoning that "Samsung could not have breached the warranty by failing to repair a problem that [the plaintiff] failed to bring to its attention" within the warranty period.  2008 WL 4513924 at *4.

Other cases have properly rejected the argument that an allegation of unconscionability warrants the denial of a motion to dismiss.  For example, the district court in *Ball* granted a motion to dismiss a claim identical to Carter's.  In that case, the plaintiffs argued that Sony knowingly sold camcorders with defective components, with the expectation that the camcorders would fail shortly after the expiration of the manufacturer's limited warranty period.  2005 WL 2406145, at *6.  Rejecting the plaintiffs' contention that Sony's warranty was a representation that the camcorder was free of defects, the court stated that the written warranty "is an express acknowledgment that the product may be defective and a promise by [the manufacturer] to remedy such a defect in the manner and within the time period prescribed."  *Id.* at *8.

Moreover, *Ball* reasoned that "[a] remedial promise by a manufacturer to a remote purchaser does not displace the implied warranties that arose between the purchaser and his or her immediate seller, but is an ***additional benefit*** independent of the sales contract accruing to the purchaser as a matter of unilateral contract."  2005 WL 2406145, at *6.  Therefore, the court determined that Sony's limited

13

warranty "***enhanced*** rather than limited plaintiffs' contractual rights and is

therefore not unconscionable." *Id.* The court specifically held that the 90-day

labor and one-year parts express warranty was "neither procedurally nor

substantively unfair as required for unconscionability." *Id.* at *16.

Similarly, the plaintiff in *Brothers* argued that the time limitations in

Hewlett-Packard's limited warranty were unconscionable and could not bar his

claim. 2006 WL 3093685, at *8. The plaintiff maintained that neither he nor the

putative class "have any meaningful choice in the time limitations in the warranty,

the express terms favor HP, and HP knew that the [laptop computers] were

defective and would fail well before their useful lives." *Id.* Even accepting those

allegations as true, the court dismissed the express warranty claim holding that the

limited warranty's time limitation was not unconscionable. *Id.*

The same is true here:  Philips' supposed knowledge that the Television

would fail "before the reasonable consumer would expect," Complaint ¶ 42, does

not render the Limited Warranty unconscionable.  Indeed, it is customary that

express warranties extend for a period of time less than a product's useful life.

> Manufacturers always have knowledge regarding the effective
> life of particular parts and of their failing within a particular
> period of time.  Such knowledge is easily demonstrated by the
> fact that manufacturers must predict rates of failure of
> particular parts in order to price warranties and thus can
> always be said to "know" that many parts will fail after the
> warranty period has expired.  A rule that would make failure

> of a part actionable based on such "knowledge" would render
> meaningless time/mileage limitations in warranty coverage.

*Abraham*, 795 F.2d at 250; *see also Clemens*, 534 F.3d at 1023. "To allow a customer to seek damages for breach of an express warranty beyond the limits specified in that warranty . . . would place a burden on [Philips] for which it did not contract." *Evitts v. DaimlerChrysler Motors Corp.*, 834 N.E.2d 942, 950 (Ill. App. 2005). *Cf. Sommer v. Federal Signal Corp.*, 593 N.E.2d 1365, 1370 (N.Y. Ct. App. 1992) (limitations on liability help to keep products and services affordable).

In short, the principle underlying the doctrine of unconscionability "is one of prevention of oppression and unfair surprise and ***not of disturbance of allocations of risks*** because of superior bargaining power." Fla. Stat. Ann. § 2-302, cmt. 1 (emphasis added); *see also* N.J.S.A. 12A:2-302, cmt. 1 (same). Carter seeks to rewrite the terms of the Limited Warranty to shift the pre-allocated costs and risks and compel Philips to provide remedies outside the scope of the express warranty. This, the law does not allow.

Again, Plaintiff's proposed exception (this time, an allegation of unconscionability) would swallow the rule. An express warranty is a voluntary contractual commitment and, therefore, a seller may limit the remedies available to the purchaser. *David v. Am. Suzuki Motor Corp.*, No. 1:08-CV-22278, 2009 WL

1838323, at *5 (S.D. Fla. June 16, 2009) (dismissing express warranty claim); *see also In re Samsung Elecs. Am., Inc. Blu-Ray Class Action Litig.*, 2008 WL 5451024, at *5 (dismissing express warranty claim under New Jersey law).  That Philips did so does not create a basis to avoid the Limited Warranty's terms.

In summary, Carter concedes that the Limited Warranty applies, that her Television performed as warranted during the express warranty period, and that she only sought repair or replacement long after that period had expired.  Her breach of express warranty claim should be dismissed.

## C.   <u>Plaintiff is Not Entitled to the Injunctive Relief Sought</u>

Even if the Limited Warranty were deemed unconscionable, Plaintiff's claim for injunctive relief is not legally viable.  Carter seeks "[e]quitable and injunctive relief" ordering Philips to "extend the terms of the warranty" and to "repair or replace" the Televisions.  Complaint at 14; *see id.* ¶ 44 (seeking "equitable relief"). In addition, she takes issue with the fact that Philips has "failed to issue a recall." *Id.* ¶ 4.

The UCC does not authorize a court, upon a finding of unconscionability, to *extend* the time period of an express warranty to repair a defective product.  *See, e.g.*, *Angel v. Goodman Mfg. Co.*, No. 08-5076, 2009 WL 1532344, at *4-5 (refusing to authorize a global extension of the warranty period).  Nor is it the province of the courts to issue a product recall.  *See, e.g.*, *Walsh v. Ford Motor*

16

*Co.*, 130 F.R.D. 260, 266 (D.D.C. 1990) (questioning the court's own authority to authorize a recall and holding monetary damages would provide an adequate remedy).

If a limited contractual remedy for breach of warranty is declared unenforceable, the purchaser may look to the standard remedy for breach of warranty under the UCC — namely, "the difference between the value of the goods accepted and the value they would have had if they had been as warranted." Fla. Stat. Ann. § 672.714(2); *see also* N.J.S.A. 12A:2-714(2) (same).  There is no basis for injunctive relief because, if Carter were able to prove a breach of warranty, she could be adequately compensated with money.

## IV.   CONCLUSION

As a matter of law, Philips did not breach the Limited Warranty because Carter did not request that Philips repair the Television within the warranty period. Furthermore, even accepting Plaintiff's contention that Philips knew that some Televisions would malfunction after the warranty term expired, the Limited Warranty is not unconscionable.  Even if the express warranty claim were to survive, the law does not entitle Plaintiff to injunctive relief in the form of a universally extended warranty.

Respectfully submitted,

PHILIPS ELECTRONICS NORTH
AMERICA CORPORATION


*/s/ Leda Dunn Wettre*
Leda Dunn Wettre
ROBINSON, WETTRE & MILLER LLC
One Newark Center, 19th Floor
Newark, New Jersey 07102
(973) 690-5400
lwettre@rwmlegal.com

*Pro Hac Vice Pending*:

Matthew J. Calvert
Ashley Cummings
HUNTON & WILLIAMS LLP
Bank of America Plaza, Suite 4100
600 Peachtree Street, N.E.
Atlanta, Georgia  30308-2216
404-888-4000 (telephone)
404-888-4190 (facsimile)
mcalvert@hunton.com
acummings@hunton.com

***Attorneys for Defendant Philips***
***Electronics North America Corporation***

18