# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | ) | |
| IN RE: PHILIPS/MAGNAVOX | ) | Civil Action No.: 2:09-cv-03072(PGS)(ES) |
| TELEVISION LITIGATION | ) | |
| | ) | CLASS ACTION |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF FUNAI CORPORATION, INC.'S MOTION TO DISMISS

John P. Lavelle, Jr.
Ryan P. Blaney
MORGAN LEWIS & BOCKIUS LLP
502 Carnegie Center, 2nd Floor
Princeton, New Jersey 08540
Tel: (609) 919-6600
Fax: (609) 919-6701
jlavelle@morganlewis.com
rblaney@morganlewis.com

*Attorneys for Defendant Funai Corporation, Inc.*

DB1/64305729.6

# TABLE OF CONTENTS

Page

I.     PRELIMINARY STATEMENT ................................................................... 1

II.    STATEMENT OF FACTS .......................................................................... 2

III.   ARGUMENT ............................................................................................... 4

     A.    Plaintiffs in Counts IV – XXVII Failure To State A Claim
           Under Fed.  R. Civ. P. 12(b)(6) and 8(a) ............................................ 4

     B.    Plaintiff Deanna Marshall Fails to State A Claim Upon Which
           Relief Can Be Granted Under New Jersey Law .................................. 5

IV.   CONCLUSION ......................................................................................... 10

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ……………………………………... 4, 5, 7

*Bell Alt. Corp. v. Twombly*, 550 U.S. 544 (2007) …………………………. 4, 5, 6, 7

*Boyes v. Greenwich Boat Works, Inc.*, 27 F. Supp. 2d 543 (D.N.J. 1998) ……. 8, 9

*Cooper v. Samsung Elecs. Am., Inc.*, No. 07-03853,
    2008 WL 4513924 (D.N.J. Sept. 30, 2008) …………………………. 7, 8, 9

*Heindel v. Pfizer*, 381 F. Supp. 364 (D.N.J. 2004) …………………………….. 9

*In re Ford Motor Co. Ignition Switch Products Liability Litig.*,
    174 F.R.D. 332 (D.N.J. 1997) …………………………………….....… 7, 8

*Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941) …………………….. 6

*Warriner v. Stanton*, 475 F.3d 497 (3d Cir. 2007) ……………………………. 6, 7

**STATE CASES**

*Rohrer v. Knudson*, 203 P.3d 759, 349 Mont. 197 (2009) ………………………. 8

**STATUES**

N.J. Stat. § 12A:2-314 ……………………………………………………………. 4

N.J. Stat. Ann. §§ 56:8 …………………………………………………………. 4

**RULES**

Fed. R. Civ. P. 12(b)(6) ……………………………………………. 1, 4, 5, 6

Fed. R. Civ. P. 8(a) …………………………………………………….. 5

## I. PRELIMINARY STATEMENT

This is a purported consumer fraud, unjust enrichment and breach of the implied warranty of merchantability class action arising out of alleged defects in Philips/Magnavox flat screen televisions. (Consolidated Compl. ¶ 9). Defendant, Funai Corporation, Inc. ("Funai" or "Defendant"), moves to dismiss the Consolidated Complaint filed by Plaintiffs Mark Mancinelli, Mike Tejada, Doug Seitsinger, Pamela Carter, Phyllis Juried, Frank St. Angel, Joseph Hennessey, Donald Umble, Bill Bray, Al Margrif, Kathy Rock, Michael Youngblood, Lisa Sanders, and Deanna Marshall (collectively "Plaintiffs").

The Consolidated Complaint should be dismissed in its entirety for failure to state a claim under Fed. R. Civ. P. 12(b)(6), because the plaintiffs have not pled any viable theory upon which a consumer can recover damages from a manufacturer or supplier for product performance issues that arise after the warranty has expired. Funai incorporates by reference all of the arguments made by Co-Defendant Philips Electronics North America Corporation ("Philips") in its motion to dismiss.

In addition to the legal infirmities of plaintiffs' claims discussed in Philips' motion to dismiss, there are two grounds to dismiss the Consolidated Complaint that are unique to Funai. First, the claims against Funai by all plaintiffs other than Deanna Marshall fail to state a claim upon which relief can be granted. Under the

allegations of the Consolidated Complaint, these plaintiffs did not purchase a Funai product.  Plaintiffs allege that Funai had no involvement in the chain of production, manufacturing, marketing, selling, design or distribution of Philips/Magnavox televisions prior to September 1, 2008, the effective date of a licensing agreement entered by Philips and Funai. (Consolidated Compl. ¶¶ 28, 121 - 122).  Yet all but one of the Plaintiffs allege that they purchased their televisions before September 1, 2008.

Second, Plaintiff Deanna Marshall, the only Plaintiff who alleges she purchased her television after September 1, 2008, cannot assert claims under New Jersey law, as she attempts to do in Counts I to III.  The Consolidated Complaint alleges that Deanna Marshall is a resident of Bozeman, Montana and alleges no facts to connect her television purchase to New Jersey.

## II. STATEMENT OF FACTS

The December 30, 2009 Consolidated Complaint contains twenty-eight separate Counts, all of which are variations under the laws of different states on three basic causes of actions:  (1) state consumer fraud; (2) implied warranty of merchantability; and (3) unjust enrichment.  Twenty-four of the twenty-eight Counts concern plaintiffs who allege they purchased their televisions before September 1, 2008, as summarized in the chart below:

| Count(s) | Plaintiff(s) | State of Residence | Alleged Date of Purchase |
|---|---|---|---|
| IV – VI | Mark Mancinelli | New Jersey | July 7, 2006 |
| VII – IX | Mike Tejada | California | October 26, 2005 |
| X – XII | Doug Seitsinger | Texas | May 2006 |
| XIII | Pamela Carter | Florida | March 2007 |
|  | Phyllis Juried |  | November 4, 2006 |
| XIV – XV | Frank St. Angel | Illinois | January 2006 |
| XVI – XVII | Joseph Hennessey | Pennsylvania | November 2007 |
|  | Donald Umble |  | September 2006 |
| XVIII – XIX | Bill Bray | Ohio | November 2006 |
| XX – XXII | Al Margrif | Michigan | October 2006 |
|  | Kathy Rock |  | December 2006 |
| XXIII – XXIV | Michael Youngblood | Washington | August 2006 |
| XXV - XXVII | Lisa Sanders | Arkansas | March 2007 |

The Consolidated Complaint alleges that Funai did not begin to manufacture, distribute, market, sell or provide customer service for the Philips/Magnavox flat screen televisions in the United States until September 2008.  Consolidated Compl. ¶¶ 28, 121 - 122.

Counts, I, II, III, and XXVIII of the Consolidated Complaint are asserted by Plaintiff Deanna Marshall, a resident of Bozeman, Montana.  Ms. Marshall allegedly purchased her 50-inch Philips/Magnavox flat screen television in October 2008 for approximately $1500.  Consolidated Compl. ¶ 23.  In November 2009,

after Ms. Marshall's limited warranty expired, the television allegedly stopped working. Consolidated Compl. ¶ 23. The Consolidated Complaint attempts to assert claims against Funai under the New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1, et seq. ("NJCFA") (Count I), and that Funai breached the implied warranty of merchantability under N.J. Stat. § 12A:2 - 314 (Count II) and New Jersey's common law doctrine of unjust enrichment (Count III). There are no allegations in the Consolidated Complaint that Ms. Marshall purchased her television in New Jersey or tying her purchase to New Jersey in any way. The apparent basis for her attempt to assert claims under New Jersey law is her allegation that "Defendant Funai's headquarters and principal place of business is located in New Jersey." Consolidated Compl. ¶ 114.

## III. ARGUMENT

A.  **Counts IV – XXVII Fail To State A Claim Under Fed. R. Civ. P. 12(b)(6) and 8(a)**

A court must dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure where the complaint fails to state a claim with sufficient factual detail that, if assumed to be true, would allow the court to reasonably infer liability. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face' . . . that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged.")).

Fed. R. Civ. P. 8(a) demands that plaintiffs allege "more than a sheer possibility

that a defendant has acted unlawfully" and "more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at

555, 556). A complaint that alleges mere "'labels and conclusions,'" "'a formulaic

recitation of the elements of a cause of action,'" or "'naked assertions devoid of

further factual enhancement'" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at

555, 557).

     As summarized in the chart above, Counts IV - XXVII of the Consolidated

Complaint concern claims by plaintiffs who allegedly purchased their

Philips/Magnavox flat screen televisions **before** September 2008. But the

Consolidated Complaint alleges that Funai did not begin to manufacture, distribute,

market, sell and provide customer service for Philips/Magnavox flat screen

televisions in the United States until **after** September 2008. Consolidated Compl.

¶¶ 28, 121 - 122. Under Plaintiffs' own allegations, Counts IV – XXVII should be

dismissed with respect to Funai for failure to state a claim upon which relief can be

granted.

**B.**    **Plaintiff Deanna Marshall Fails To State A Claim Upon Which Relief Can Be Granted Under New Jersey Law**

     A court must dismiss a complaint under Rule 12(b)(6) of the Federal Rules

of Civil Procedure where the complaint fails to state a claim with sufficient factual

detail that, if assumed to be true, would allow the Court to reasonably infer liability. *See Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 570. Here, as in *Iqbal*, Plaintiff Marshall's sparse allegations in Counts I, II, and III fail to allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1960. Counts I – III of the Consolidated Complaint, which purport to allege claims against Funai under New Jersey law on behalf of a nationwide class should be dismissed under Rule 12(b)(6) because under Plaintiffs' allegations Montana law, not New Jersey law, governs Marshall's claims.[1]

The Court applies the choice of law rules of the forum state in diversity cases such as this. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941); *see also Warriner v. Stanton*, 475 F.3d 497, 499-500 (3d Cir. 2007) ("It is well established that in a diversity action, a district court must apply the choice of law rules of the forum state to determine what law will govern the substantive issues of a case."). New Jersey, the forum state, follows the two-step "government-interest test," in which the law of the state with the greatest interest in governing the specific issue in the underlying litigation will apply. *Warriner*, 475 F.3d at 500. The first step in the government-interest test is to determine whether a conflict exists between the laws of the interested states. *Id.* at 501. If a

---

[1] The arguments made by Philips concerning the legal inadequacies of plaintiff Mancinelli's purported New Jersey claims in Counts IV through VI of the Consolidated Complaint apply equally to, and are incorporated by reference concerning, plaintiff Marshall's purported New Jersey law claims against Funai alone in Counts I through III.

conflict exists, the court must then determine the interest each state has in resolving the issue in dispute. *Id.* This is done by identifying "the governmental policies underlying the law of each state and how those policies are affected by each state's contacts to the litigation and to the parties." *Id.*

These principles were applied in *In re Ford Motor Co. Ignition Switch Products Liability Litig.*, 174 F.R.D. 332 (D.N.J. 1997), a putative consumer fraud class action involving allegedly defective auto ignition switches. The plaintiff argued that Michigan law applied because (1) defendant's headquarters were in Michigan; (2) the subject vehicles were manufactured there; (3) decisions relating to the ignition switches were made there; and (4) any misrepresentations, statements or advertisements regarding the vehicles originated in Michigan. *See In re Ford Motor Co.*, 174 F.R.D. at 348. The court, however, held that the laws of each plaintiff's home state must be applied because:

> Each plaintiff's home state has an interest in protecting its consumers from instate injuries caused by foreign corporations and in delineating the scope of recovery for its citizens under its own laws. These interests arise by virtue of each state being the place in which plaintiffs reside, or the place in which plaintiffs bought and used their allegedly defective vehicles or the place where plaintiffs' alleged damages occurred.
>
> *Id.*

This Court recently reached the same conclusion in a motion to dismiss a putative consumer fraud class action involving certain Samsung televisions. *See*

*Cooper v. Samsung Elecs. Am., Inc.*, No. 07-03853, 2008 WL 4513924 (D.N.J. Sept. 30, 2008). In *Cooper*, the Court found conflicts between New Jersey and Arizona law with regard to the breach of implied warranty and consumer fraud claims, and applied Arizona law because the critical "consumer contacts" all pointed to Arizona (i.e., the plaintiff resided in Arizona and purchased the television in Arizona from an Arizona retailer). *Id.* at *5, *7.

Here, this Court should conduct a choice of law analysis because a conflict exists between the laws of Montana, where Plaintiff Deanna Marshall resides and where she purchased her 50-inch Philips/Magnavox flat screen television, and New Jersey, where Plaintiff Marshall filed this action and where Funai has it principal place of business. For example, the New Jersey Consumer Fraud Act is more favorable to plaintiffs since a plaintiff need not allege reliance on a misrepresentation made by the defendant, need not allege the existence of a "public impact" or a "consumer-oriented action," or require a plaintiff to allege any predicate statutory violations. The economic loss doctrine is not applicable to all NJCFA claims and under the NJCFA, a plaintiff may obtain both treble damages and punitive damages. *See Boyes v. Greenwich Boat Works, Inc.*, 27 F. Supp. 2d 543, 549 (D.N.J. 1998). The Montana Consumer Protection Act ("MCPA") is more restrictive than the NJCFA. For example, under the MCPA an "unfair act or practice" is one which offends established public policy and which is immoral,

unethical, oppressive, unscrupulous or substantially injurious to consumers. *Rohrer v. Knudson*, 203 P.3d 759, 349 Mont. 197 (2009).

Montana law should apply because it has more substantial consumer contacts with Plaintiff Marshall.  Ms. Marshall resides in Bozeman, Montana, presumably purchased her 50-inch Philips/Magnavox flat screen television in Montana and presumably used it in Montana.  Consolidated Compl. ¶ 23.  Ms. Marshall cannot evade applying Montana law.  The only reasonable inference from the sparse allegations of the Consolidated Complaint is that Ms. Marshall purchased and used her television in Montana, her state of residence.

In contrast, New Jersey's only purported connection to Marshall's claims is that the principal office of Funai is in Rutherford, New Jersey.  Consolidated Compl. ¶ 27.  This single New Jersey nexus is not sufficient to warrant application of New Jersey law when the consumer contacts all point to the consumer's home state.  *See Cooper*, 2008 WL 4513924, at *7: *see also Heindel v. Pfizer*, 381 F. Supp. 2d, 364, 378 (D.N.J. 2004) (applying Pennsylvania, not New Jersey, law because plaintiffs were Pennsylvania residents and plaintiffs ingested prescription medicines that were prescribed, purchased, and paid for in Pennsylvania).  Because Montana has the stronger interest in protecting its citizens with respect to goods sold within its own borders, and to the extent there is a conflict between the laws of

Montana and New Jersey, Montana law governs and Marshall's purported New

Jersey law claims fail as a matter of law.[2]

## IV.  CONCLUSION

For the foregoing reasons, Funai respectfully requests that the Court grant

this Motion and dismiss the Consolidated Complaint in its entirety and with

prejudice.

Respectfully submitted,

Dated: February 16, 2010              MORGAN LEWIS & BOCKIUS LLP


By: *s/ John P. Lavelle, Jr.*
John P. Lavelle, Jr.
Ryan P. Blaney
502 Carnegie Center, 2nd Floor
Princeton, New Jersey 08540
Tel: (609) 919-6600
Fax: (609) 919-6701
jlavelle@morganlewis.com
rblaney@morganlewis.com

*Attorneys for Defendant Funai
Corporation, Inc.*

---

[2] Funai incorporates by reference all of the arguments made by Philips in its motion to dismiss.