# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# NEWARK DIVISION

_____

IN RE: PHILIPS/MAGNAVOX       :     Civil Action No. 09-3072
   TELEVISION LITIGATION     :

                                  :     CLASS ACTION

                                  :

_____:     Jury Trial Demanded

_____

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO FUNAI CORPORATION, INC.'S MOTION TO DISMISS THE CONSOLIDATED COMPLAINT

**HORWITZ, HORWITZ & PARADIS**
Michael A. Schwartz (*pro hac vice*)
Alyson C. Bruns (*pro hac vice*)
405 Lexington Avenue, 61st Floor
New York, NY 10174
Tel: (212) 986-4500
Fax: (212) 986-4501

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Andrew N. Friedman (*pro hac vice*)
Douglas J. McNamara (*pro hac vice*)
1100 New York Ave, NW
Suite 500, West Tower
Washington, D.C. 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699

*Interim Co-Lead Counsel for Plaintiffs and the Class*

**CHIMICLES & TIKELLIS LLP**
Steven A. Schwartz (*pro hac vice*)
Benjamin F. Johns (NJ ID No. 03818-2005)
361 W. Lancaster Avenue
Haverford, PA 19041
Tel.: (610) 642-8500
Fax: (610) 649-3633

*Liaison Counsel for Plaintiffs and the Class*
**[Additional Counsel on Signature Page]**

## **TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................1

II.     STATEMENT OF FACTS ..........................................................2

III.    ARGUMENT...............................................................................5

        A.     Conducting a Choice-of-Law Analysis Is Premature. ........................5

        B.     If the Court Performs a Choice-of-Law Analysis
               on Marshall's Claims, New Jersey Law Should Apply. ...................12

        C.     Even If the Court Applies Montana Law,
               Plaintiff Marshall States a Viable Claim ...........................................15

        D.     Discovery Is Warranted Before the Court
               Dismisses Plaintiffs' Other Claims Against Funai. ..........................16

III.    CONCLUSION ........................................................................17

# TABLE OF AUTHORITIES

## Cases

*Arcand v. Brother International Corp.*,
    No. 07-4987,
    2009 U.S. Dist. LEXIS 111168 (D.N.J. Nov. 30, 2009)................................6

*Boyes v. Greenwich Boat Works*,
    27 F. Supp. 2d 543 (D.N.J. 1998)...................................................................13

*Cooper v. Samsung Electronics America, Inc.*,
    No. 07-3853,
    2008 U.S. Dist. LEXIS 75810 (D.N.J. Sept. 30, 2008)..........................11, 12

*Dal Ponte v. America Mortg. Express Corp.*,
    2006 U.S. Dist. LEXIS 57675 (D.N.J. Aug. 17, 2006)..........................13, 14

*Dewey v. Volkswagen AG*,
    558 F. Supp. 2d 505 (D.N.J. 2008).................................................................5

*In re Ford Motor Co. Ignition Switch Products Liability Litigation*,
    174 F.R.D. 332 (D.N.J. 1997) ......................................................................11

*Harper v. LG Electronics USA, Inc.*,
    595 F. Supp. 2d 486 (D.N.J. 2009)...................................................6, 7, 8, 11

*Homa v. America Express Co.*,
    558 F.3d 225 (3d Cir. 2009) ........................................................................14

*In re K-Dur Antitrust Litigation*,
    338 F. Supp. 2d 517 (D.N.J. 2004)...........................................................8, 12

*Knox v. Samsung Electronics America, Inc.*,
    No. 90-4308,
    2009 U.S. Dist. LEXIS 53685 (D.N.J. June 24, 2009) ................................14

*In re Mercedes-Benz Tele Aid Contract Litigation*,
    MDL No. 1914,
    2010 U.S. Dist. LEXIS 23624 (D.N.J. March 15, 2010) .............................13

*P.V. ex rel. T.V. v. Camp Jaycee,*
   197 N.J. 132 (N.J. 2008) .................................................................................. 5

*Payne v. Fujifilm U.S.A., Inc.,*
   No. 07-385,
   2007 U.S. Dist. LEXIS 94765 (D.N.J. Dec. 28, 2007) ........................... 13, 15

*Phillips v. County of Allegheny,*
   515 F.3d 224, 234 (3d Cir. 2008) ................................................................. 8

*In re Samsung DLP Television Class Action Litigation,*
   No. 07-2141,
   2009 U.S. Dist. LEXIS 100065 (D.N.J. Oct. 27, 2009) ........................... 8, 15

*Taylor v. JVC Americas Corp.,*
   No. 07-4059,
   2008 U.S. Dist. LEXIS 43215 (D.N.J. May 30, 2008) .......................... 5, 6, 7

*Warriner v. Stanton,*
   475 F.3d 497 (3d Cir. 2007) .......................................................................... 6

*Warriner v. Stanton,*
   No. 03-2211,
   2005 U.S. Dist. LEXIS 11465 (D.N.J. June 14, 2005),
   *aff'd,* 475 F.3d 497 (3d Cir. 2007) ............................................................. 11

## Statutes

Mont. Code Ann. § 30-2-302 ....................................................................... 15, 16

Mont. Code Ann. § 30-2-314 ............................................................................. 15

N.J. Stat. Ann. § 12A: 2-314 .............................................................................. 9

## I.    INTRODUCTION

Plaintiffs' Consolidated Complaint ("CC") alleges that Defendant Funai Corporation, Inc. ("Funai"), which maintains its corporate headquarters in Rutherford, New Jersey, manufactured and sold defective flat screen televisions under the Philips and Magnavox brand names (the "Philips/Magnavox Flat Screen TVs") to Plaintiffs and similarly situated consumers (the "Class").[1] *See* CC, ¶¶ 27, 110-155.  In its motion to dismiss ("Funai Mem."), Funai contends that this Court should conduct a choice-of-law analysis, conclude that the law of Montana governs Plaintiff Deanna Marshall's claims, and dismiss her claims based on Montana law.  Funai further contends that, pursuant to a licensing agreement that it refuses to produce, all of the other Plaintiffs' claims should also be dismissed.

None of these arguments is persuasive.  This Court should decline Funai's invitation to conduct a fact-intensive choice-of-law analysis based solely on the pleadings in this multi-party litigation.  Discovery has been

---

[1]    The Class is defined as Plaintiffs and "all others who purchased a new plasma or liquid crystal display ("LCD") flat screen television manufactured by Philips and/or Funai, and sold under the Philips or Magnavox brand name ("Philips/Magnavox Flat Screen TV") in the United States from June 24, 2003 through the date upon which Defendants cease the wrongful conduct alleged [in the Complaint] ("Class Period"), whose Philips/Magnavox Flat Screen TV suffers from the design defect described herein."  *See* CC, ¶ 1.

stayed,[2] and Funai has refused requests to informally produce pertinent documents.  Accordingly, the Court should defer ruling on the choice-of-law issue until a sufficient record has been developed.

If, however, the Court conducts a choice-of-law analysis now, the Court should apply New Jersey law to Marshall's claims.  Funai's corporate headquarters is located in New Jersey, the misconduct at issue likely emanated from New Jersey, and New Jersey has a strong interest in ensuring that Funai deal fairly with consumers in other states.  But even if this Court were to apply Montana law, Plaintiff Marshall still states a viable claim under Montana law for breach of the implied warranty of merchantability.

Finally, Funai's argument that it is not liable for conduct that occurred prior to September 1, 2008 is unavailing because it is inconsistent with the allegations in the CC and is undermined by Funai's refusal to produce the licensing agreement that Funai purports shields it from these claims.  As such, Funai's motion to dismiss should be denied.

## II.    STATEMENT OF FACTS

Pursuant to a licensing agreement with Defendant Philips Electronics North America Corporation ("Philips"), beginning in September 2008, Funai has manufactured, marketed, and sold the Philips/Magnavox Flat Screen

---

[2]      *See* Docket Entry No. 33.

TVs nationwide through large retailers such as Sears and Best Buy, wholesale clubs such as Sam's Club and Costco, and Internet-based appliance vendors. *See* CC, ¶¶ 26, 29, 34. The retail price for a Philips/Magnavox Flat Screen TV ranges from $800 to $5,500, depending on the model. *Id.* ¶ 34. The CC alleges that pursuant to the licensing agreement, Funai "assumed responsibility for all Philips-branded consumer television activities in the United States. Thus, not only did Funai begin manufacturing and selling the Philips/Magnavox Flat Screen TVs after September 2008, Funai began providing customer service and warranty service to the Class, as evidenced by Funai replacing CGS as Philips customer service representative in the United States." CC, ¶ 122.

The CC alleges that the Philips/Magnavox Flat Screen TVs are defective. *See id.,* ¶¶ 54-57. Normal operation and use of the Philips/Magnavox Flat Screen TVs exposes the capacitors on the power supply board and the small signal board to excessive heat and voltage, which in turn causes these capacitors to fail, the circuit boards to shut down, and the Philips/Magnavox Flat Screen TVs to become inoperable. *Id.,* ¶¶ 2, 54. The Philips/Magnavox Flat Screen TVs typically fail shortly after the

expiration of the one year warranty on parts, and well before the end of their useful lives.[3] *Id.,* ¶¶ 10-23, 68.

The CC further alleges that as a result of its design and testing of the Philips/Magnavox Flat Screen TVs, Funai knew or should have known that the Philips/Magnavox Flat Screen TVs were defective. *See id.*, ¶ 86. Moreover, Funai became aware of the Philips/Magnavox Flat Screen TVs' defective design as a result of the numerous complaints posted on the Internet and sent directly to Philips customer service center. *See id.*, ¶¶ 62, 87, 139. Notwithstanding this knowledge, Funai never warned any prospective purchaser that the Philips/Magnavox Flat Screen TVs were defective, never notified existing purchasers of the defect or recalled the televisions. *Id.*, ¶ 89. Moreover, rather than fixing the defect, Funai has sought to pass the substantial expense of repairing the defective Philips/Magnavox Flat Screen TVs on to Plaintiffs and other Class members who unknowingly purchased a defective product. *Id.*, ¶¶ 6, 89.

---

[3]     The Philips/Magnavox Flat Screen TVs are sold with a warranty that purports to limit coverage to 90 days for labor and one year for parts. CC ¶ 5. The CC alleges that these warranty limitations are unconscionable under the circumstances. *Id.*, ¶ 141.

## III.   ARGUMENT[4]

### B.   Conducting a Choice-of-Law Analysis Is Premature.

Funai urges the Court to conduct a choice-of-law analysis, and contends that Montana law governs Plaintiff Marshall's claims because she is a Montana resident who "presumably" purchased the television in Montana and "presumably" used it there.  Funai Mem. at 8-9.  A choice-of-law analysis, however, is fact-intensive and thus premature until an adequate record is developed.  *See Taylor v. JVC Americas Corp.*, No. 07-4059, 2008 U.S. Dist. LEXIS 43215, at *7 (D.N.J. May 30, 2008).   This Court, therefore, should defer the choice-of-law determination until later in this litigation.

This Court "must apply the law of the forum state, including its choice of law rules."  *Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 516 (D.N.J. 2008) (citations omitted).  Funai contends that the Court should apply the government interest test.[5]  *See* Funai Mem. at 6-7.  The governmental

---

[4]      Plaintiffs incorporate by reference herein all of the arguments made in their Memorandum of Law in Opposition to Philips' Motion to Dismiss, which Plaintiffs are filing contemporaneously herewith.

[5]      The New Jersey Supreme Court recently abandoned the government interest analysis in the context of tort claims, and instead applied the most significant relationship test to these claims.  *P.V. ex rel. T.V. v. Camp Jaycee*, 197 N.J. 132, 136 (N.J. 2008).  Regardless of which choice-of-law test the Court applies, the result is the same: the fact-intensive choice-of-law

interest analysis consists of two queries: (1) is there a conflict between the laws of the interested states, and (2) if an actual conflict exists, which state has the greatest interest in governing the particular issue. *See Taylor*, 2008 U.S. Dist. LEXIS 43215, at *7. *See also* Funai Mem. at 6.

The Third Circuit has noted, however, that "the second step of the governmental interest analysis is fact-intensive." *Harper v. LG Electronics USA, Inc.*, 595 F. Supp. 2d 486, 489-491 (D.N.J. 2009) (citing *Warriner v. Stanton*, 475 F.3d 497, 500 (3d Cir. 2007)) (internal citations omitted). Moreover, the choice-of-law analysis is made on an issue-by-issue basis, and each category of claims (contract, tort, and fraud) requires the Court to engage in a slightly different choice-of-law analysis. *Harper*, 595 F. Supp. 2d at 489.

Because of these factually intensive issues, several recent cases from this Court have deferred resolving choice-of-law questions until a sufficient record is developed. For example, the lone plaintiff in *Taylor*, a Kentucky resident who purchased his allegedly defective television in that state, sued a

---

analysis is premature to conduct in the context of the motions to dismiss filed in this case. *See Arcand v. Brother Int'l Corp.*, No. 07-4987, 2009 U.S. Dist. LEXIS 111168, at *21-22 (D.N.J. Nov. 30, 2009) ("This Court need not, and will not, resolve this choice of law issue at this early stage of the litigation. The second prong of New Jersey's most significant relationship test requires the Court to engage in a fact sensitive analysis, which simply may not be undertaken on the record presently before the Court").

television manufacturer headquartered in New Jersey for violations of the New Jersey Consumer Fraud Act ("NJCFA"). *Taylor,* 2008 U.S. Dist. LEXIS 43215, at *1-3. The *Taylor* court acknowledged the presence of a "serious threshold choice-of-law question as to whether this Court may apply the [NJCFA] to the transaction at issue." *Id.* at *10. Notwithstanding this concern — and regardless of whether an actual conflict existed between Kentucky and New Jersey law — the court declined to conduct the fact-intensive choice-of-law analysis in deciding the motion to dismiss. *Id.* at *11 n.3. Mindful "that a court adjudicating a [NJCFA] claim must approach dismissal of said claim with hesitation," Judge Hochberg denied the defendant's motion to dismiss the NJCFA claim, "with leave to … renew the argument at the summary judgment stage, with proper briefing of choice of law issues at that time." *Id.* at *11.

Courts have agreed to postpone a choice-of-law analysis on a motion to dismiss even where the parties have extensively briefed the issue. In *Harper*, the court found the defendant had shown a genuine conflict among the potentially applicable state laws. *See Harper,* 595 F. Supp. 2d at 490. The court nonetheless denied the defendant's motion to dismiss the NJCFA claim because it was "unable to make the fact-intensive choice-of-law determination on the record before it." *Id.* Like *Harper*, this Court should

defer "its choice-of-law decision until the parties present a factual record full enough to permit this Court to undertake" the choice-of-law analysis. *Id.* at 491. *See also In re Samsung DLP Television Class Action Litig.*, 2009 U.S. Dist. LEXIS 100065, at *10 (D.N.J. Oct. 27, 2009) (Brown, C.J.) ("The Court concludes that it cannot conduct New Jersey's fact-intensive governmental interest test based upon the pleadings in this case. As such, the Court cannot now decide whether or not Plaintiffs can state a claim under the NJCFA"); *In re K-Dur Antitrust Litig.*, 338 F. Supp. 2d 517, 541 (D.N.J. 2004) ("A choice of law analysis would be premature at this stage of the proceedings") (Greenaway, J.).

Moreover, at this point in the litigation, the Court "need only determine if the Complaint contains 'enough to raise a reasonable expectation that discovery will reveal evidence of the necessary element' in order to allow the challenged counts of the [complaint] to remain." *Harper,* 595 F. Supp. 2d at 491 (*quoting Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)). Here, Plaintiff Marshall asserts more than "enough facts" pleading the "necessary element[s]" of claims she brought under New Jersey law – *e.g.*, the NJCFA, breach of the implied warranty of merchantability, and unjust enrichment claims. *See*, *e.g.*, CC ¶¶ 110-155.

Specifically, Plaintiff Marshall has sufficiently pled that Funai

violated the NJCFA by alleging that: (1) the Philips/Magnavox Flat Screen TVs are defectively designed because normal usage exposes them to excessive heat which causes them to fail; (2) Funai had knowledge of the design defect; (3) Plaintiff and Class members were not aware of the defect at the time of sale; (4) despite Funai's knowledge of the defect, Funai omitted this material fact with the intent that Plaintiff and the Class act upon this material omission; (5) Funai placed the defective Philips/Magnavox Flat Screen TVs into the stream of commerce; (6) Funai intentionally concealed information from Plaintiff and the Class in order maximize profits; (7) had Plaintiff and the Class known of the defect they would not have purchased the Philips/Magnavox Flat Screen TVs; (8) Funai knew that Plaintiff and Class members could not have known about the defect when they made their purchases; and (9) Plaintiff and Class members suffered an ascertainable loss by paying monies for the defective Philips/Magnavox Flat Screen TVs. CC, ¶¶ 110-131.

Additionally, Plaintiff Marshall has stated a claim under N.J. STAT. ANN. § 12A: 2-314 for breach of the implied warranty of merchantability because she alleged that: (1) the Philips/Magnavox Flat Screen TVs are defectively designed; (2) as a result of the design defect, the Philips/Magnavox Flat Screen TVs were not merchantable at the time of sale

and did not function in their ordinary capacity; (3) Funai's limits on the express warranty are unconscionable because it knew of the design defect; (4) Funai concealed material information (that the Philips/Magnavox Flat Screen TVs would prematurely fail) from Plaintiff and Class members and acted intentionally with the purpose of maximizing profits; (5) the time limits Funai imposed on the express warranty were unconscionable because, among other things, Plaintiff and members of the Class had no meaningful choice in determining those time limitations; and  (6) the defects rendered the Philips/Magnavox Flat Screen TVs non-merchantable because they could not be used for their ordinary purposes and thereby proximately caused the economic damages suffered by Plaintiff and Class members. CC, ¶¶ 137-142.

Finally, Plaintiff Marshall properly pled a claim for unjust enrichment under New Jersey law because she set forth that: (1) Funai manufactured and sold the defective Philips/Magnavox Flat Screen TVs; (3) Funai had knowledge of the defect; (4) despite Funai's knowledge, Funai failed to disclose the existence of the defect, a material fact; (5) Funai was indirectly enriched by Plaintiff and Class members; (6) Plaintiff and Class members' payment to Funai impoverished Plaintiff and members of the Class; (7) Funai had no justification for the enrichment conferred upon it; and (8) any

express warranty provided by Funai does not cover design defects and thus does not preclude Plaintiff's unjust enrichment claim.  CC, ¶¶ 143-155.

Accordingly, the CC contains more than "'enough to raise a reasonable expectation that discovery will reveal evidence of the necessary element' in order to allow the challenged counts of the [CC] to remain." *Harper,* 595 F. Supp. 2d at 491.

The authorities Funai relies on are inapposite.  *See* Funai Mem. at 6-7. As the *Harper* court observed*,* the choice-of-law analysis in *Warriner* occurred "at the summary judgment stage." *See Harper,* 595 F. Supp. 2d at 491 (distinguishing *Warriner v. Stanton*, No. 03-2211, 2005 U.S. Dist. LEXIS 11465 (D.N.J. June 14, 2005), *aff'd*, 475 F.3d 497 (3d Cir. 2007)). Similarly, the court performed the choice-of-law analysis in *In re Ford Motor Co. Ignition Switch Products Liability Litig.*, 174 F.R.D. 332 (D.N.J. 1997) at the *class certification stage*, *after discovery had taken place* — not on a motion to dismiss.  *See id.* at 336; *see also id*. at 338 (stating court had deferred ruling on the defendants' motions to dismiss).

Moreover, *Cooper v. Samsung Electronics America, Inc.*, No. 07-3853, 2008 U.S. Dist. LEXIS 75810, at *14 (D.N.J. Sept. 30, 2008), upon which Funai erroneously relies, is distinguishable from the facts here because it involved a single plaintiff and a lone defendant, therefore

presenting a straightforward choice-of-law analysis. Indeed, the *Cooper* court placed great weight on this point and distinguished the circumstance before it from *K-Dur,* because *K-Dur* – similar to this case[6] – "involved cases consolidated by the Judicial Panel on Multidistrict Litigation: in other words, multiple plaintiffs had filed complaints in multiple jurisdictions and this Court was selected to manage them." *Id.* Unlike *Cooper*, the case at bar involves fourteen plaintiffs from eleven states who are asserting twenty-eight causes of action against two defendants. In addition, *Cooper* did not involve the added uncertainty of a contractual agreement like the Philips/Funai license agreement (which Funai has refused to produce), which may, itself, contain a choice-of-law clause or other pertinent provision. *See* § (III)(D), *infra*. Accordingly, the choice-of-law analysis should be deferred until a factual record is developed through discovery.

### B.   If the Court Performs a Choice-of-Law Analysis on Marshall's Claims, New Jersey Law Should Apply.

Were the Court to conduct a choice-of-law analysis at this early stage of the proceedings, the Court should apply New Jersey law to Plaintiff

---

[6]   While the instant cases were never formally transferred by the Judicial Panel on Multidistrict Litigation, they also involve four different cases initially filed by multiple plaintiffs in different courts, which were voluntarily consolidated in this Court. *See* Docket Entry No. 31

Marshall's claims.[7]  Funai cannot deny that its domestic headquarters and principal place of business are located in New Jersey.  *See* Funai Mem., at 4.  Nor does Funai dispute Plaintiff's allegations that its misconduct emanated from New Jersey, its marketing and advertising efforts likely originated in New Jersey, New Jersey has an interest in regulating Funai's conduct, and a substantial number of putative class members reside in New Jersey.  *See* CC, ¶¶ 114-117.  Further, Funai does not, and cannot, contend the NJCFA is inapplicable to non-New Jersey residents.  *See Payne v. Fujifilm U.S.A., Inc.*, No. 07-385, 2007 U.S. Dist. LEXIS 94765, at *24 (D.N.J. Dec. 28, 2007) (holding the NJCFA "permits recovery . . . by persons, whether or not New Jersey residents, who suffer 'any ascertainable loss'").

In light of Plaintiff's allegations, New Jersey has a much greater interest in applying its laws to this case than any other state.  New Jersey has a strong interest in regulating the activities of businesses that operate within its borders.  *See, e.g., Dal Ponte v. Am. Mortg. Express Corp.*, 2006 U.S. Dist. LEXIS 57675, at *20 (D.N.J. Aug. 17, 2006).  New Jersey also "has a powerful incentive to insure that local merchants deal fairly with citizens of

---

[7]      *See, e.g., In re Mercedes-Benz Tele Aid Contract Litig.*, MDL No. 1914, 2010 U.S. Dist. LEXIS 23624, at *16-46 (D.N.J. March 15, 2010) (at class certification stage in a multi-district litigation filed in six states, court held New Jersey law applied to Plaintiffs' unjust enrichment claims and NJCFA claims under both the governmental interest and most significant relationship tests).

other states and countries," such as Plaintiff Marshall. *Boyes v. Greenwich Boat Works,* 27 F. Supp. 2d 543, 547 (D.N.J. 1998). Moreover, the Third Circuit has reiterated that "the 'available legislative history of [the NJCFA] demonstrates that the Act was intended to be one of the strongest consumer protection laws in the nation . . . [and] should be construed liberally in favor of protecting consumers.'" *Homa v. Am. Express Co.*, 558 F.3d 225, 232 (3d Cir. 2009) (citations omitted).[8] Given these circumstances, if the Court conducts a choice-of-law analysis, it should apply New Jersey law to Plaintiff Marshall's claims.[9]

---

[8]     Therefore, assuming *arguendo* that Funai is correct that the NJCFA "is more favorable to plaintiffs" than the allegedly "more restrictive" Montana Consumer Protection Act, *see* Funai Mem. at 8, this bolsters Plaintiff's argument that New Jersey law should apply. *See Dal Ponte*, 2006 U.S. Dist. LEXIS 57675, at *20 ("It appears that none of the non-New Jersey class members would receive less protection under the NJCFA than their home-state consumer fraud statutes, and thus no state's policy of providing protection for its residents will be frustrated").

[9]     Funai may attempt to rely on *Knox v. Samsung Electronics America, Inc.*, No. 90-4308, 2009 U.S. Dist. LEXIS 53685 (D.N.J. June 24, 2009) where the court conducted  a choice-of-law analysis and declined to apply New Jersey law based on the fact that no class member was a New Jersey resident.  The case at bar is easily distinguishable from *Knox* because Plaintiff has brought her New Jersey claims on behalf of a nationwide class which includes residents of the State of New Jersey. *See*, *e.g.*, CC, ¶ 115.

**C.   Even If the Court Applies Montana Law, Plaintiff Marshall States a Viable Claim.**

In the alternative event that this Court conducts a choice-of-law analysis and applies Montana law, the CC still states a viable claim for breach of the implied warranty of merchantability under Montana law. Under Montana law, the implied warranty of merchantability is breached if goods are not "fit for the ordinary purposes for which such goods are used." MONT. CODE ANN. § 30-2-314.   Moreover, courts have held that any disclaimer of the implied warranty of merchantability by a merchant is unconscionable where the merchant knowingly sold a defective product to consumers who did not have knowledge of the defect nor any meaningful opportunity to negotiate the terms of the warranty.   *See*, *e.g.*, *In re Samsung DLP Television Class Action Litig.*, No. 07-2141, 2009 U.S. Dist. LEXIS 100065, at *7-8 (D.N.J. Oct. 27, 2009) (warranty limitation on defective televisions unconscionable); *Payne*, 2007 U.S. Dist. LEXIS 94765, at *16 (same with respect to digital cameras).[10]   Under Montana law, if a court finds any clause in the contract to have been unconscionable, the court may refuse to enforce the contract, enforce the contract without the unconscionable clause, or limit the application of the unconscionable clause to avoid an unconscionable result.   *See* MONT. CODE ANN. § 30-2-302.

---

[10]      Notably, Funai avoids addressing unconscionability in its brief.

Plaintiff Marshall has alleged, *inter alia*, that the Philips/Magnavox Flat Screen TVs contain a defect which causes the Philips/Magnavox Flat Screen TVs to fail and, accordingly, were not merchantable at the time of sale because the Philips/Magnavox Flat Screen TVs do not function in their ordinary capacities. *See* CC, ¶¶ 471, 472.  Plaintiff has further pled that any limits Funai placed on its express warranty are unconscionable because Funai knowingly sold the defective Philips/Magnavox Flat Screen TVs with superior knowledge of the defect and without conspicuously informing Plaintiff and members of the Class of the defect. *Id.* ¶ 473.  Plaintiff has pled that she and members of the Class had no meaningful choice in determining the time limits Funai placed on the warranties and that the warranties unreasonably favored Defendants. *Id.* ¶ 475.  Accordingly, if Montana law is applied, Plaintiff's breach of warranty claim should be sustained.

### D. Discovery Is Warranted Before the Court Dismisses Plaintiffs' Other Claims Against Funai.

Funai contends that none of the Plaintiffs (aside from Marshall) purchased "a Funai product" because they all bought their televisions prior to September 1, 2008.  *See* Funai Mem., at 1, 5.  Funai asserts that this fact is significant because September 1, 2008 is the "effective date" of a licensing agreement between Funai and Philips.  *Id.*  Funai previously raised

this issue at or after the November 30, 2009 status conference.  In response, Plaintiffs sent Funai a letter requesting "a copy of the Funai-Philips agreement, plus documents reflecting Funai's responsibility (if any) for warranty claims regarding the alleged defects at issue in the litigation, as well as any other material that supports [Funai's] position that Funai does not have any responsibility/liability with respect to Magnavox televisions sold prior to September 2008."  Funai has refused to provide Plaintiffs with this requested material.

Moreover, the CC alleges that Funai has been "providing customer service and warranty service to the Class, as evidenced by Funai replacing CGS as Philips customer service representative in the United States," thus, Funai "assumed responsibility for all Philips-branded consumer television activities in the United States."  CC, ¶ 122.  Until discovery reveals any potential limitations on Funai's liability with respect to Class members that purchased Philips/Magnavox Flat Screen TVs prior to September 2008, the Court should postpone ruling on this issue.

## III.   CONCLUSION

For all the foregoing reasons, as well as the reasons in Plaintiffs' Memorandum of Law in Opposition to Philips' Motion to Dismiss, Funai's Motion to Dismiss should be denied.

Dated: April 2, 2010                 Respectfully submitted,


By: _____
**CHIMICLES & TIKELLIS LLP**
Steven A. Schwartz (*pro hac vice*)
Benjamin F. Johns (NJ ID No. 03818-2005)
361 W. Lancaster Avenue
Haverford, PA  19041
Office: (610) 642-8500
Fax: (610) 649-3633

*Liaison Counsel for Plaintiffs and the Class*


**HORWITZ, HORWITZ & PARADIS**
Michael A. Schwartz (*pro hac vice*)
Alyson C. Bruns (*pro hac vice*)
405 Lexington Avenue, 61st Floor
New York, NY  10174
Tel:  (212) 986-4500
Fax:  (212) 986-4501


**COHEN MILSTEIN SELLERS & TOLL PLLC**
Andrew N. Friedman (*pro hac vice*)
Douglas J. McNamara (*pro hac vice*)
1100 New York Ave, NW
Suite 500, West Tower
Washington, D.C. 20005
Tel.: (202) 408-4600
Fax:  (202) 408-4699

*Co-Lead Counsel for Plaintiffs and the Class*

**SHALOV, STONE, BONNER &
ROCCO, PLLC**
Patrick L. Rocco
Lee S. Shalov
65 Madison Avenue
Suite 333
Morristown, N.J. 07960

**SHEPHERD, FINKELMAN,
MILLER & SHAH, LLP**
James C. Shah
Natalie Finkelman Bennett
475 White Horse Pike
Collingswood, NJ  08107

**DOYLE LOWTHER LLP**
William J. Doyle, II, Esq.
9466 Black Mountain Road, Suite 210
San Diego, CA 92126

**SHAPIRO HABER & URMY LLP**
Edward F. Haber, Esq.
 Ian J. McLoughlin, Esq.
Michelle H. Blauner, Esq.
53 State Street, 37th Floor
Boston, MA 02109

**REBEIN LAW FIRM, PLLC**
Paul W. Rebein, Esq.
500 E. Kennedy Blvd., Suite 100
Tampa, FL  33602

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Benjamin F. Johns, hereby certify that on this 2nd day of April 2010, I caused the foregoing **PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO FUNAI CORPORATION, INC.'S MOTION TO DISMISS THE CONSOLIDATED COMPLAINT** to be filed using the Court's CM/ECF system, and thereby electronically served it upon all registered ECF users in this case.

By: _____

Benjamin F. Johns