# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE: PHILIPS/MAGNAVOX TELEVISION LITIGATION | ) ) ) ) ) ) ) ) |

Civil Action No.: 2:09-cv-03072(PGS)(ES)

CLASS ACTION

---

## REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT FUNAI CORPORATION, INC.'S MOTION TO DISMISS

---

John P. Lavelle, Jr.
Ryan P. Blaney
MORGAN LEWIS & BOCKIUS LLP
502 Carnegie Center, 2nd Floor
Princeton, New Jersey 08540
Tel: (609) 919-6600
Fax: (609) 919-6701
jlavelle@morganlewis.com
rblaney@morganlewis.com

*Attorneys for Defendant Funai Corporation, Inc.*

DB1/64743624.1

Defendant, Funai Corporation, Inc. ("Funai"), respectfully submits this Reply Brief in further support of its Motion to Dismiss the Consolidated Complaint ("Consolidated Compl.").

1.      In their response to Funai's Motion to Dismiss, all Plaintiffs other than Deanna Marshall concede that they have failed to state a claim against Funai upon which relief may be granted.  Under Plaintiffs' own factual allegations in the Consolidated Complaint, they did not purchase a Funai product.  As a result, Counts IV – XXVII must be dismissed with respect to Funai.

Plaintiffs admit the inadequacy of their factual allegations by making the remarkable, and legally baseless, assertion that this Court should permit them to conduct discovery that might permit them to make different or additional factual allegations against Funai that might support a cause of action.  Plaintiffs' "shoot first, then aim" approach is not, however, permissible in federal court.  To state a viable claim, a plaintiff must make factual allegations that are enough to raise a right to relief above the speculative level on the assumption that all of the Complaints' allegations are true.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  The purpose of discovery is to uncover evidence of the facts pleaded in the Complaint, not to "find a cause of action."  *Ranke v. Sanofi-Synthelabo, Inc.,* 436 F. 3d 197, 204 (3d Cir. 2006).  Indeed, plaintiffs previously unsuccessfully made this same argument to the Court -- as here, without any supporting authority --

during the November 30, 2009 Case Management Conference. This Court rejected plaintiffs' request to conduct discovery prior to a ruling on the motion to dismiss, specifically providing in the Case Management Order that "Discovery shall not commence until after motion to dismiss is determined, or by Order of the Court." November 30, 2009 Case Management Order at ¶15.[1]

Plaintiffs should not be permitted to conduct a fishing expedition to search for evidence in support of facts that they have not yet plead. *See Smith Smith v. Lyons, Doughty & Veldhuius, P.C.,* 2008 WL 2885887 *5 (D.N.J., July 23, 2008). Plaintiffs cannot circumvent the pleading requirements of Fed. R. Civ. P. 12(b)(6) and 8(a) by claiming that they need additional discovery to survive a motion to dismiss. *See Twombly,* 550 U.S. at 556 - 562. Therefore, this court should dismiss Plaintiffs' claims in Counts IV – XXVII against Funai as a matter of law.

2.      The bulk of plaintiffs' response to Funai's Motion to Dismiss is devoted to arguing that this Court should not determine choice of law in deciding Funai's Motion to Dismiss, but should postpone that determination -- and, therefore, postpone ruling on the legal infirmities of Deanna Marshall's purported claims against Funai -- until after discovery. Plaintiffs' Memorandum, at 4-11. Plaintiffs' Consolidated Complaint takes a similar fence-straddling approach, attempting to assert claims against Funai on behalf of Montana resident Deanna

---

[1] Plaintiffs never sought or received this Court's permission to conduct discovery from Funai following entry of the Case Management Order.

Marshall under both New Jersey and Montana law.  While plaintiffs' zeal for postponing decision on choice of law is understandable, in the context of this case the issue is academic.  Marshall has failed to state a claim against Funai under either New Jersey or Montana law.

3.      Marshall's purported New Jersey claims fail not only because New Jersey law does not apply to her purchase in Montana,[2] but on substantive grounds discussed in detail in Funai's and Philips' previous Memoranda of Law.  See Funai's Memorandum at 5-10; Philips' Memorandum at 14-25, 29-34.  Marshall's New Jersey implied warranty claims fail because the alleged failures on her television occurred after the warranty expired.  See Philips' Memorandum at 14-25.  Marshall's New Jersey Consumer Fraud claim fails because New Jersey

---

[2] New Jersey law supports the application of Montana law to any controversy arising from the purchase and sale of Plaintiff Marshall's television.  The general rule in New Jersey regarding conflicts of law in contract matters is that the law of the place of contract governs.  *McBride v. Raichle Molitor USA*, 283 N.J. Super. 471, 482 (Law Div.), *aff'd*, 293 N.J. Super. 422 (App. Div. 1995), *quoting State Farm Ins. Co. v. Simmons' Estate*, 84 N.J. 28, 37 (1980) ("the law of the place of the contract ordinarily governs the choice of law because this rule will generally comport with the reasonable expectations of the parties.").  It is reasonable to infer that Marshall purchased her television at a retailer in Montana.  Therefore, the transaction at issue occurred in Montana and Montana law should apply.  *See McBride* at 483 ("By contracting with a Massachusetts ski shop he must have anticipated the application of Massachusetts law.").  By the same token, choice of law principles require the application of Montana law and the dismissal of Plaintiff Marshall's New Jersey Consumer Fraud Act ("NJCFA") claim.  New Jersey applies a governmental-interest analysis as its choice of law rule.  *See Enry v. Estate of Merola*, 171 N.J. 86 (N.J. 2002); *Heindel v. Pfizer, Inc.*, 381 F. Supp 2d 364, 370-71, 374 (D.N.J. 2004).  New Jersey courts have found that New Jersey did not intend out-of-state consumers to engage in end runs around local law in order to avail themselves of collective and class remedies that those states deny.  *See In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*, 174 F.R.D. 332, 348 (D.N.J. 1997).

Contrary to Plaintiffs' contentions, choice of law analysis can be conducted at the motion to dismiss stage where the facts relevant to determining choice of law are alleged or can be inferred from plaintiff's complaint.  *See, e.g., Boyes v. Greenwich Boat Works, Inc.*, 27 F. Supp. 2d 543, 546 – 48 (D.N.J. 1998) (determining choice of law on motion to dismiss).  Here, the relevant facts are specifically alleged or can be reasonably inferred from the Consolidated Complaint.  Plaintiffs allege that Marshall is a Montana resident seeking to recover against a New Jersey corporation on a purchase of a television, and have not alleged that Marshall made the purchase in New Jersey or elsewhere outside of her home state of Montana.

imposes no duty on manufacturers to disclose the common sense reality that nothing lasts forever. See Philips' Memorandum at 29-34. Marshall does not point to any affirmative misrepresentations to support her NJCFA claim. Under New Jersey law, a defendant cannot be found to have violated the NJCFA when it provided a product – alleged to be defective – that outperforms the warranty provided. *Perkins v. DaimlerChrysler Corp.*, 383 N.J. Super. 99, 112 (App. div. 2006). See Philips' Memorandum at 29-34.

Marshall's purported New Jersey unjust enrichment claim stems from a fundamental misunderstanding of New Jersey law. Because Marshall has not alleged that she purchased her television directly from Funai, she cannot maintain an unjust enrichment claim against Funai. The "indirect enrichment" alleged by Plaintiffs (Consolidated Compl., ¶148) is insufficient as a matter of law. New Jersey requires the direct conveyance of a benefit in order to support an unjust enrichment claim. *Eli Lilly and Co. v. Roussel Corp.*, 23 F. Supp. 2d 460, 496 (D.N.J. 1998). In discussing the requirement of a direct benefit, the *Eli Lilly* court held:

> Lilly alleges that defendants have been enriched through profits earned on sales of Opos generic cefaclor that the FDA approved based upon the false and misleading Opos AADA. Lilly claims defendants earned their profits at Lilly's expense because Lilly could have earned those profits had defendants not fraudulently obtained FDA approval for Opos cefaclor. Therefore, Lilly argues, it is

4

> entitled to defendants' profits. However, Lilly has failed
> to state a claim of unjust enrichment because it has not
> alleged (nor could it prove) that it conferred a benefit on
> defendants. *See Barr Lab. I,* 827 F.Supp. at 120;
> *Universal City Studios, Inc. v. Nintendo Co., Ltd.,* 615
> F.Supp. 838, 856 (S.D.N.Y.1985), *aff'd,* 797 F.2d 70 (2d
> Cir.1986). Accordingly, Count XI is dismissed.
>
> *Eli Lilly and Co. v. Roussel Corp.*, 23 F. Supp. 2d 460,
> 496 (D.N.J., 1998)

The lack of an alleged direct relationship between Marshall and Funai is fatal to

Marshall's unjust enrichment claim. *See, e.g., D.R. Horton Inc. - N.J. v. Dynastar*

*Dev. L.L.C.,* 2005 WL 1939778 *18 (D.N.J. Aug. 10, 2005)(unjust enrichment

claim dismissed where "the defendant was not the party enriched" by plaintiffs);

*Fasching v. Kallinger*, 211 N.J. Super. 26, 36 (App. Div. 1986)(cases in which

plaintiff prevailed on unjust enrichment claim "involved either a direct relationship

between the parties or a mistake on the part of the person conferring the benefit").

    4.    Marshall's purported Montana claims are similarly devoid of merit.

Marshall asserts a claim for breach of the implied warranty of merchantability

under the UCC as adopted by Montana at Mont. Code Ann. §30-2-314.  However,

under Montana law Marshall's implied warranty claim fails as a matter of law

because the alleged failures to her television occurred after the warranty expired.

See Mont. Code Ann. §30-2-316(2).  Philips limited their implied warranties to one

year and Marshall's alleged malfunction occurred more than one year after the

purchase.  Consolidated Compl., ¶23.  That the television allegedly suffered from a

defect is irrelevant.  The limitation on implied warranties is not unconscionable.
See Philips' Memorandum at 14-26.  Therefore, Marshall's Montana warranty
claims should be dismissed.

For the foregoing reasons, Funai respectfully requests that the Court grant
this Motion and dismiss the Consolidated Complaint in its entirety and with
prejudice.

Respectfully submitted,

Dated: April 22, 2010                MORGAN LEWIS & BOCKIUS LLP


By: *s/ John P. Lavelle, Jr.*
John P. Lavelle, Jr.
Ryan P. Blaney
502 Carnegie Center, 2nd Floor
Princeton, New Jersey 08540
Tel: (609) 919-6600
Fax: (609) 919-6701
jlavelle@morganlewis.com
rblaney@morganlewis.com

*Attorneys for Defendant Funai
Corporation, Inc.*