ROBINSON, WETTRE & MILLER LLC
Leda Dunn Wettre, Esq.
Michael J. Gesualdo, Esq.
One Newark Center, 19th Floor
Newark, New Jersey 07102
Tel: (973) 690-5400
Fax: (973) 466-2760
lwettre@rwmlegal.com
mgesualdo@rwmlegal.com

HUNTON & WILLIAMS LLP
Matthew J. Calvert, Esq. (admitted *pro hac vice*)
Ashley Cummings, Esq. (admitted *pro hac vice*)
600 Peachtree Street, N.E.
Bank of America Plaza, Suite 4100
Atlanta, Georgia 30308-2216
(404) 888-4000
mcalvert@hunton.com
acummings@hunton.com

*Attorneys for Philips Electronics
North America Corporation*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **RE: PHILIPS/MAGNAVOX TELEVISION LITIGATION** | **CIVIL ACTION NO. 2:09-CV-03072-PGS-ES** |

**PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S
ANSWER TO PLAINTIFFS' CONSOLIDATED COMPLAINT**

Defendants Philips Electronics North America Corporation ("Philips"), by

counsel, hereby answers the Consolidated Complaint ("Complaint") and claims of

the remaining Plaintiffs, Mark Mancinelli, Mike Tejada, Doug Seitsinger, Pamela Carter, Phyllis Juried, Frank St. Angel, Bill Bray, Al Margrif, Kathy Rock, Michael Youngblood, and Lisa Sanders (collectively "Plaintiffs"), as follows:

### Nature of the Action

1.      In response to paragraph 1, Philips admits that the Complaint purports to brings this action and assert a putative class action against Philips and Funai respecting all new plasma or liquid crystal display ("LCD") flat screen televisions sold by Philips and/or Funai under the Philips or Magnavox brand name in the United States since June 24, 2003.  Because Funai was dismissed from this action, pursuant to the Court's September 1, 2010 order, the allegations against Funai are of no further force and effect.  Moreover, Philips denies that plaintiffs are entitled to any of the remaining relief sought as to Philips.  Philips denies that it manufactured any of the plasma and LCD televisions in issue.  Philips also denies that the Complaint seeks certification as to Philips of a class of all persons and entities residing in the United States who purchased new plasma or LCD televisions sold by Philips.  Philips further denies that any of the alleged state classes can properly be certified as to Philips under Fed. R. Civ. P. 23.  Philips denies all the remaining allegations in paragraph 1.

2.      Philips denies the allegations in paragraph 2 of the Complaint.

3.      Philips denies the allegations in paragraph 3 of the Complaint.

4.      Philips denies the allegations in paragraph 4 of the Complaint.

5.      Philips admits that it provided a written Limited Warranty applicable to the sale of LCD and plasma televisions.  Depending on the type of television, the Limited Warranty provided free labor for 90 days from the date of purchase and free replacement of parts for one year from the date of purchase or free labor and replacement parts for one year from the date of purchase.  Television Displays were generally warranted for one year from the date of purchase.  Philips denies all remaining allegations in paragraph 5 of the Complaint.  Furthermore, the allegation regarding warranty unconscionability is rendered moot by the Court's September 1, 2010 order.

6.      Philips admits that it has not recalled the LCD and plasma televisions in issue or amended the applicable warranties because of the alleged defect, nor did it have any contractual or other obligation to do so.  Philips denies all remaining allegations in paragraph 6 of the Complaint, including the allegation that the LCD and plasma televisions in issue are defective.

7.      Philips denies the allegations in paragraph 7 of the Complaint.

8.      Philips denies that the LCD and plasma televisions in issue are defective and is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and, therefore, denies the same.

9.     Philips denies the allegations in paragraph 9 of the Complaint.

## The Parties

**Plaintiffs**

10.     Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and, therefore, denies the same.

11.     Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and, therefore, denies the same.

12.     Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and, therefore, denies the same.

13.     Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and, therefore, denies the same.

14.     Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and, therefore, denies the same.

15.     Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and, therefore, denies the same.

16.     Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and, therefore, denies the same.  Responding further, Joseph Hennessey is no longer a party to this action.

17.     Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and, therefore, denies the same.  Responding further, Donald Umble is no longer a party to this action.

18.     Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and, therefore, denies the same.

19.     Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and, therefore, denies the same.

20.     Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint and, therefore, denies the same.

21.     Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and, therefore, denies the same.

22.     Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint and, therefore, denies the same.

23.     Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and, therefore, denies the same.  Responding further, Deanna Marshall is no longer a party to this action.

**Defendants**

24.     Philips admits the allegations in paragraph 24 of the Complaint, except that it is an indirect subsidiary of Koninklijke Philips Electronics, N.V..

25.     Philips admits that until in or around August 2008, it was in the business of distributing, marketing and selling Philips and Magnavox LCD and plasma televisions.  Philips denies the remaining the allegations in paragraph 25 of the Complaint.

26.     Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint and, therefore,

denies the same.  Responding further, Funai has been dismissed as a defendant to this action pursuant to the Court's September 1, 2010 order.[1]

27.     Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and, therefore, denies the same.

28.     Philips admits that in or around August 2008, Funai entered a brand licensing agreement with Philips.   Responding further, Philips admits that paragraph 28 accurately quotes an excerpt from a Form 6-K filed by Royal Philips Electronics with the United States Securities and Exchange Commission on February 23, 2009.  Philips denies the remaining allegations in paragraph 28 of the Complaint.

29.     In response to paragraph 29, Philips admits that it has licensed the registered trademark "Magnavox" to Funai for purposes of selling "Magnavox" brand LCD televisions in the U.S. and Canada and that the licensing agreement is for a period of five years, commencing September 1, 2008.  Philips denies the remaining allegations in paragraph 29.

---

[1] On September 1, 2010 the Court granted Funai's Motion to Dismiss and also granted Philips' Motion to Dismiss as to Counts 5, 6, 9, 11, 12, 15, 16, 17, 21, 22, 24, 26, 27, and 28 of Plaintiffs' Complaint.

## Venue and Jurisdiction

30.     Philips admits that this Court has subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1332 but denies that plaintiffs or the putative class are entitled to the relief sought.

31.     Philips admits only that venue is proper in this Court.

32.     In response to paragraph 32, Philips admits that it conducts business in New Jersey and is subject to personal jurisdiction.  Philips is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 of the Complaint and, therefore, denies the same.

33.     Philips admits that the jurisdictional prerequisites have been satisfied by and through filing and service of the Complaint.  Responding further, Philips denies all remaining allegations in paragraph 33 of the Complaint.

## Substantive Allegations

34.     In response to paragraph 34, Philips admits that until in or around August 2008, it sold Philips and Magnavox brand LCD and plasma televisions to retailers, wholesalers and Internet-based vendors for resale to consumers and that the average retail price of such televisions varied by model.  Philips denies all remaining allegations in paragraph 34 of the Complaint.

35.     Philips denies that it makes or made the statements attributed to it in paragraph 35.  Responding further, Philips is without knowledge or information

8

sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 of the Complaint and, therefore, denies the same.

36.    Philips denies the allegations in paragraph 36 of the Complaint, including any allegation that a 90-day labor/one-year parts warranty was the only Limited Warranty applicable to Philips and Magnavox LCD and plasma televisions sold by Philips.

### Background - Flat Screen televisions and Capacitors

37.    Philips admits that Philips and Magnavox LCD and plasma televisions contain internal electronic components, including a power supply board ("PSB"), a small signal board ("SSB"), and capacitors.   Philips denies all remaining allegations in paragraph 37 of the Complaint.

38.    Philips admits that plasma and LCD televisions contain numerous electronic components, including components mounted on circuit boards that serve various functions, and that LCD and plasma televisions generally consume more electricity and operate at higher temperatures than CRT televisions.  Philips denies all remaining allegations in paragraph 38 of the Complaint.

39.    Philips admits the allegations in paragraph 39 of the Complaint.

40.    Philips admits that capacitors have the ability to store electrical charges, include conductors and a dielectric and are common components in

electronic devices such as televisions. Philips denies all remaining allegations in paragraph 40 of the Complaint.

41.    Philips admits generally the first two sentences in paragraph 41. Philips denies the allegations in paragraph 41 of the Complaint.

42.    Philips admits that capacitors can store electric energy, can reduce fluctuations in the flow of electric energy and can control the flow of power; Philips denies the remaining allegations in paragraph 42 of the Complaint.

43.    Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint and, therefore, denies the same.

44.    Philips admits that the life of an electrolytic capacitor can be influenced by a number of factors.   Responding further, Philips denies all remaining allegations in paragraph 44 of the Complaint.

**Philips/Magnavox Flat Screen televisions**

45.    Philips admits that Philips and Magnavox LCD and plasma televisions include electronic components and circuit boards which control various functions. Responding further, Philips denies all remaining allegations in paragraph 45 of the Complaint.

46.     Philips admits that a PSB regulates and distribute power to various components within Philips and Magnavox LCD and plasma televisions.  Philips denies all remaining allegations in paragraph 46 of the Complaint.

47.     Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint and, therefore, denies the same.

48.     Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint and, therefore, denies the same.

49.     Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint and, therefore, denies the same.

50.     Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint and, therefore, denies the same.

**Philips/Magnavox Small Signal Board**

51.     Philips admits that Philips and Magnavox LCD and plasma televisions include an electronic circuit board known as SSB which includes various components and performs various functions.  Philips denies all remaining allegations in paragraph 51 of the Complaint.

11

52.     Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint and, therefore, denies the same.

53.     Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint and, therefore, denies the same.

54.     Philips denies the allegations in paragraph 54 of the Complaint.

55.     Philips admits that capacitors are integral parts of the electronic circuit boards in Philips and Magnavox LCD and plasma televisions and have specified values, voltage and temperature ratings.  Philips denies all remaining allegations in paragraph 55 of the Complaint.

56.     Philips admits that the voltage and temperature to which a capacitor is exposed, relative to its rating, can affect its operation.   Philips denies the allegations in paragraph 56 of the Complaint.

57.     Philips admits that light emitting diodes on Philips and Magnavox LCD and plasma televisions blink in various patterns or "error codes" depending on the type of malfunction that might occur in the television.  Philips denies the allegations in paragraph 57 of the Complaint.

58.     Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint and, therefore, denies the same.

59.     Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint and, therefore, denies the same.

60.     Philips admits that it is not contractually responsible for and generally does not cover the cost of labor or parts outside the Limited Warranty on Philips and Magnavox LCD and plasma televisions.  If contacted after the expiration of the Limited Warranty or the expiration of any extended warranty purchased by the consumer, Philips may have referred consumers to authorized service centers. Philips denies the defect alleged in paragraph 60 and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 60 and, therefore, denies the same.

61.     Philips denies the defect alleged in paragraph 61 and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 61.

62.     Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint and, therefore, denies the same.

63.     Philips denies the allegations in paragraph 63 of the Complaint.

64.     Philips denies the allegations in paragraph 64 of the Complaint.

65.     Philips denies the allegations in paragraph 65 of the Complaint.

66.     Philips states that in 2004 it outsourced certain customer support and call center functions to International Business Machines, Inc. ("IBM"), which subcontracted certain customer support functions to Consumer Generated Solutions, Inc. ("CGS").  Philips denies all remaining allegations in paragraph 66 of the Complaint.

67.     Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint and, therefore, denies the same.

68.     Philips denies the allegations in paragraph 68 of the Complaint.

69.     Philips denies the allegations in paragraph 69 of the Complaint.

70.     Philips denies the allegations in paragraph 70 of the Complaint.

71.     Philips admits that light emitting diodes on Philips and Magnavox LCD and plasma televisions blinked in different patterns in the event of and depending on the nature of malfunction and to aid in the diagnosis of the problem. Philips is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 71 of the Complaint and, therefore, denies the same.

14

72.     Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint and, therefore, denies the same.

73.     Philips denies it operated television manufacturing facilities in Singapore or Mexico.  Philips is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 73 of the Complaint and, therefore, denies the same.

74.     Philips denies the allegations in paragraph 74 of the Complaint.

75.     Philips admits that representatives at customer support call centers might direct customers who experienced issues outside the Limited Warranty to authorized service centers.  Philips denies that it did not "take responsibility" for its warranty obligations.  Philips is without knowledge and information sufficient to form a belief as to the remaining allegations in paragraph 75 of the Complaint.

76.     Philips denies the remaining allegations in paragraph 76 of the Complaint.

77.     Philips admits that certain "firmware updates" were available on its consumer products website.   Philips denies the remaining allegations in paragraph 77 of the Complaint.

78.     Philips denies the allegations in paragraph 78 of the Complaint.

79.     Philips admits that certain firmware updates were made available on a consumer products website to address certain issues experienced by consumers. Philips denies the remaining allegations in paragraph 79 of the Complaint.

80.     Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint and, therefore, denies the same.

81.     Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Complaint and, therefore, denies the same.

82.     Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint and, therefore, denies the same.

83.     Philips admits that it was informed of certain information reported to call centers about Philips and Magnavox LCD and plasma televisions.  Philips denies all remaining allegations in paragraph 83 of the Complaint.

84.     Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Complaint and, therefore, denies the same.

85.    Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Complaint and, therefore, denies the same.

86.    Paragraph 86 of the Complaint contains allegations as to Funai, which has been dismissed.   To the extent a response is required, Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Complaint and, therefore, denies those allegations.

87.    Paragraph 87 of the Complaint contains allegations as to Funai, which has been dismissed.   To the extent a response is required, Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Complaint and, therefore, denies those allegations.

88.    Philips denies the allegations in the first sentence of paragraph 88 of the Complaint.   The second sentence of paragraph 88 contains allegations as to Funai, which has been dismissed.   To the extent a response is required, Philips is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 88 of the Complaint and, therefore, denies the same.

89.    Philips denies the allegations in paragraph 89 of the Complaint.

90.    Philips admits that it provided a written Limited Warranty applicable to Philips and Magnavox LCD and plasma televisions providing either free labor 90 days from the date of purchase and free replacement of parts one (1) year from the date of purchase or free labor and replacement parts for one year from the date of purchase, depending on the type of television.   Philips denies all remaining allegations in paragraph 90 of the Complaint.

91.    Philips denies the allegations in paragraph 91 of the Complaint.

92.    Philips denies the allegations in paragraph 92 of the Complaint.

93.    Philips denies the allegations in paragraph 93 of the Complaint.

94.    Philips denies the allegations in paragraph 94 of the Complaint.

95.    Philips admits that it has made general statements about the quality and functionality of Philips and Magnavox products, but denies that such statements constitute actionable representations.   Philips denies all remaining allegations in paragraph 95 of the Complaint.

96.    Philips denies the allegation of defect is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 96 of the Complaint and, therefore, denies the same.

97.    Philips denies the allegations in paragraph 97 of the Complaint.

## <u>Class Action Allegations</u>

98.     In response to paragraph 98, Philips admits that plaintiffs purport to bring this action individually and as a class action pursuant to Fed. R. Civ. P. 23(a), 23(b)(2) and 23(b)(3), but Philips denies that plaintiffs are entitled to the relief sought.  Philips also denies that the Complaint seeks a nationwide class action as to Philips.

99.     Philips admits that thousands of Philips and Magnavox LCD and plasma televisions were sold in the United States.  Responding further, Philips denies that class certification is appropriate under Fed. R. Civ. P. 23(a), 23(b)(2) or 23(b)(3).

100.    Philips    denies    the    allegations    in    paragraph 100,    including subparagraphs (a)-(c).

101.    Philips denies the allegations in paragraph 101 of the Complaint.

102.    Philips denies the allegations in paragraph 102 of the Complaint.

103.    Philips denies the allegations in paragraph 103 of the Complaint.

104.    Philips denies the allegations in paragraph 104 of the Complaint.

105.    Philips denies the allegations in paragraph 105 of the Complaint.

106.    Philips denies the allegations in paragraph 106 of the Complaint.

107.    Philips denies the allegations in paragraph 107 of the Complaint.

108.    Philips denies the allegations in paragraph 108 of the Complaint.

109.   Philips denies the allegations in paragraph 109 of the Complaint.

## COUNT I

110-131.   Count I pertains solely to Funai, and was dismissed pursuant to the Court's September 1, 2010 order.  Accordingly, no response is required from Philips.  To the extent a response is required, Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations ins paragraphs 110-131 of the Complaint and, therefore, denies those allegations.

## COUNT II

132-142.   Count II pertains solely to Funai, and was dismissed pursuant to the Court's September 1, 2010 order.  Accordingly, no response is required from Philips.  To the extent a response is required, Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 132-142 of the Complaint and, therefore, denies those allegations.

## COUNT III

143-155.   Count III pertains solely to Funai, and was dismissed pursuant to the Court's September 1, 2010 order.  Accordingly, no response is required from Philips.  To the extent a response is required, Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations ins paragraphs 143-155 of the Complaint and, therefore, denies those allegations.

## COUNT IV

156.   Philips repeats and incorporates its responses to paragraphs 1-109 as if fully set forth herein.

157.   Philips admits that plaintiff Mancinelli purports to bring this count pursuant to the New Jersey Consumer Fraud Act, but denies that plaintiff Mancinelli is  entitled to the relief sought.

158.   Philips states that the language of the New Jersey Consumer Fraud Act speaks for itself.  Philips denies all remaining allegations in paragraph 158 of the Complaint.

159.   Philips states that the language of the New Jersey Consumer Fraud Act speaks for itself.  Philips denies all remaining allegations in paragraph 159 of the Complaint.

160.   Philips denies the allegations in paragraph 160 of the Complaint.

161.   Philips admits that Philips marketed and sold LCD and plasma televisions until in or around August 2008.  Philips denies all remaining allegations in paragraph 161 of the Complaint.

162.   Philips denies the allegations in paragraph 162 of the Complaint.

163.   Philips denies the allegations in paragraph 163 of the Complaint.

164.   Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164 of the Complaint and, therefore, denies the same.

165.   Philips denies the allegations in paragraph 165 of the Complaint.

166.   Philips denies the allegations in paragraph 166 of the Complaint.

167.   Philips denies the alleged defect and is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167 of the Complaint and, therefore, denies the same.

168.   Philips denies the allegations in paragraph 168 of the Complaint.

169.   Philips denies the allegations in paragraph 169 of the Complaint.

## COUNT V

170-181.   Count V has been dismissed and, therefore, no response is required of Philips.   To the extent a response is required, Philips denies the allegation in paragraphs 170-181.

## COUNT VI

182-194.   Count VI has been dismissed and, therefore, no response is required of Philips.   To the extent a response is required, Philips denies the allegation in paragraphs 182-194.

## COUNT VII

195.   Philips repeats and incorporates its responses to paragraphs 1-109 as if fully set forth herein.

196. Philips admits that plaintiff Tejeda purports to bring this count pursuant to the California Consumer Legal Remedies Act ("CLRA"), but denies that plaintiff Tejeda is entitled to the relief sought.

197. Philips states that the language of the CLRA speaks for itself. Philips denies all remaining allegations in paragraph 197 of the Complaint.

198. Philips admits that it marketed and sold LCD and plasma televisions until in or around August 2008. Philips denies all remaining allegations in paragraph 198 of the Complaint.

199. Philips denies the allegations in paragraph 199 of the Complaint.

200. Philips denies the allegation of defect and is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 200 and, therefore, denies the same.

201. Philips denies the allegations in paragraph 201 of the Complaint.

202. Philips denies that it made the alleged representations as to LCD and plasma televisions and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 202 of the Complaint and, therefore, denies the same.

203. Philips denies the allegations in paragraph 203 of the Complaint.

204. Philips denies the allegations in paragraph 204 of the Complaint.

205. Philips denies the allegations in paragraph 205 of the Complaint.

206.   Philips denies the allegations in paragraph 206 of the Complaint.

207.   Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 207 of the Complaint and, therefore, denies the same.

208.   Philips admits that the alleged demand letter was sent to Philips on or about December 1, 2009, but denies all allegations therein.

209.   Philips denies the allegations in paragraph 209 of the Complaint.

210.   Philips denies the allegations in paragraph 210 of the Complaint.

## COUNT VIII

211.   Philips repeats and incorporates its responses to paragraphs 1-109 as if fully set forth herein.

212.   Philips admits that plaintiff Tejeda purports to bring this count pursuant to the California Business and Professions Code § 17200, et seq. (the "California UCL").

213.   Philips states that the language of the California UCL speaks for itself. Philips denies all remaining allegations in paragraph 213 of the Complaint.

214.   Philips admits that it marketed and sold LCD and plasma televisions until in or around August 2008.   Philips denies all remaining allegations in paragraph 214 of the Complaint.

215.   Philips denies the allegations in paragraph 215 of the Complaint.

216.    Philips denies the allegations in paragraph 216 of the Complaint.

217.    Philips denies the allegations in paragraph 217 of the Complaint.

218.    Philips denies the allegation of defect and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 218 of the Complaint and, therefore, denies the same.

219.    Philips denies the allegations in paragraph 219 of the Complaint.

220.    Philips denies the allegations in paragraph 220 of the Complaint.

221.    Philips denies the allegations in paragraph 221 of the Complaint.

222.    Philips denies the allegations in paragraph 222 of the Complaint.

223.    Philips denies the allegations in paragraph 223 of the Complaint.

224.    Philips denies the allegations in paragraph 224 of the Complaint.

225.    Philips denies the allegation of defect and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 225 of the Complaint and, therefore, denies the same.

226.    Philips denies the allegations in paragraph 226 of the Complaint.

227.    Philips denies the allegations in paragraph 227 of the Complaint.

## COUNT IX

228-239.   Count IX has been dismissed and, therefore, no response is required of Philips.   To the extent a response is required, Philips denies the allegation in paragraphs 228-239.

## COUNT X

240.   Philips repeats and incorporates its responses to paragraphs 1-109 as if fully set forth herein.

241.   Philips admits that plaintiff Seitsinger purports to bring this count pursuant to the Texas Deceptive Trade Practices Act §§ 17.41 et seq. ("DTPA"), but denies that plaintiff is entitled to the relief sought.

242.   Philips denies the allegations in paragraph 242 of the Complaint.

243.   Philips states that the language of the DPTA speaks for itself.  Philips denies all remaining allegations in paragraph 243 of the Complaint.

244.   Philips denies the allegations in paragraph 244 of the Complaint.

245.   Philips admits that it marketed and sold LCD and plasma televisions until in or around August 2008.   Philips denies all remaining allegations in paragraph 245 of the Complaint.

246.   Philips denies the allegations in paragraph 246 of the Complaint.

247.   Philips denies the allegations in paragraph 247 of the Complaint.

248.   Philips denies the allegations in paragraph 248 of the Complaint.

249.   Philips denies the allegation of defect and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 249 of the Complaint and, therefore, denies the same.

250.   Philips denies the allegations in paragraph 250 of the Complaint.

251.   Philips denies the allegations in paragraph 251 of the Complaint.

252.   Philips denies the allegations in paragraph 252 of the Complaint.

253.   Philips denies the allegations in paragraph 253 of the Complaint.

254.   Philips denies the allegations in paragraph 254 of the Complaint.

255.   Philips admits that the alleged letter was sent to Philips on or about December 1, 2009, but denies all allegations therein.

256.   Philips denies the allegations in paragraph 256 of the Complaint.

## COUNT XI

257-268.   Count XI has been dismissed and, therefore, no response is required of Philips.   To the extent a response is required, Philips denies the allegation in paragraphs 257-268.

## COUNT XII

269-282.   Count XII has been dismissed and, therefore, no response is required of Philips.   To the extent a response is required, Philips denies the allegation in paragraphs 269-282.

## COUNT XIII

283.   Philips repeats and incorporates its responses to paragraphs 1-109 as if fully set forth herein.

284.   Philips admits that plaintiffs Carter and Juried purport to bring this count pursuant to the Florida Deceptive and Unfair Trade Practices Act, § 501-201, et seq. ("FDUPTA"), but denies that plaintiffs are entitled to the relief sought.

27

285.   Philips states that the language of the FDUPTA speaks for itself. Philips denies all remaining allegations in paragraph 285 of the Complaint.

286.   Paragraph 286 contains a legal conclusion to which no response is required.  To the extent a response is required, Philips denies the allegations in paragraph 286 of the Complaint.

287.   Paragraph 287 contains a legal conclusion to which no response is required.  To the extent a response is required, Philips denies the allegations in paragraph 287 of the Complaint.

288.   Philips denies the allegations in paragraph 288 of the Complaint.

289.   Philips admits that it marketed and sold LCD and plasma televisions until September 2008.  Philips denies all remaining allegations in paragraph 289 of the Complaint.

290.   Philips denies the allegations in paragraph 290 of the Complaint.

291.   Philips denies the allegations in paragraph 291 of the Complaint.

292.   Philips denies the allegations in paragraph 292 of the Complaint.

293.   Philips denies the allegation of defect and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 293 of the Complaint and, therefore, denies the same.

294.   Philips denies the allegations in paragraph 294 of the Complaint.

295.   Philips denies the allegations in paragraph 295 of the Complaint.

## COUNT XIV

296.   Philips repeats and incorporates paragraphs 1-109 as if fully set forth herein.

297.   Philips admits that plaintiff St. Angel purports to bring this count pursuant to the Illinois Consumer Fraud and Deceptive Trade Practices Act ("ICFA"), but denies that plaintiff is entitled to the relief sought.

298.   Philips states that the language of the ICFA speaks for itself.  Philips denies all remaining allegations in paragraph 298 of the Complaint.

299.   Philips states that paragraph 299 states a legal conclusion to which no response is required.  To the extent a response is required, Philips denies the allegations in paragraph 299 of the Complaint.

300.   Philips denies the allegations in paragraph 300 of the Complaint.

301.   Philips admits that it marketed and sold LCD and plasma televisions until in or around August 2008.  Philips denies all remaining allegations in paragraph 301 of the Complaint.

302.   Philips denies the allegations in paragraph 302 of the Complaint.

303.   Philips denies the allegations in paragraph 303 of the Complaint.

304.   Philips denies the allegations in paragraph 304 of the Complaint.

305.   Philips denies the allegations in paragraph 305 of the Complaint.

306.   Philips denies the allegations in paragraph 306 of the Complaint.

307.   Philips denies the allegation of defect and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 307 of the Complaint and, therefore, denies the same.

308.   Philips denies the allegations in paragraph 308 of the Complaint.

309.   Philips denies the allegations in paragraph 309 of the Complaint.

## COUNT XV

310-324.   Count XV has been dismissed and, therefore, no response is required of Philips.   To the extent a response is required, Philips denies the allegation in paragraphs 310-324.

## COUNT XVI

325-337.   Count XVI has been dismissed and, therefore, no response is required of Philips.   To the extent a response is required, Philips denies the allegation in paragraphs 325-337.

## COUNT XVII

338-347.   Count XVII has been dismissed and, therefore, no response is required of Philips.   To the extent a response is required, Philips denies the allegation in paragraphs 338-347.

## COUNT XVIII

348.   Philips repeats and incorporates its responses to paragraphs 1-109 as if fully set forth herein.

349.   Philips admits that plaintiff Bray purports to bring this count pursuant to the Ohio Consumer Sales Practices Act, § 1345.01, et seq. (the "CSPA"), but denies that plaintiff is entitled to the relief sought.

350.   Philips states that the language of the CSPA speaks for itself.  Philips denies all remaining allegations in paragraph 350 of the Complaint.

351.   Philips denies the allegations in paragraph 351 of the Complaint.

352.   Philips states that the language of the CSPA speaks for itself.  Philips denies all remaining allegations in paragraph 352 of the Complaint.

353.   Philips states that the language of the CSPA speaks for itself.  Philips denies all remaining allegations in paragraph 353 of the Complaint.

354.   Philips denies the allegations in paragraph 354 of the Complaint.

355.   Philips denies the allegations in paragraph 355 of the Complaint.

356.   Philips denies the allegations in paragraph 356 of the Complaint.

357.   Philips denies the allegations in paragraph 357 of the Complaint.

## COUNT XIX

358.   Philips repeats and incorporates its responses to paragraphs 1-109 as if fully set forth herein.

359.   Philips admits that plaintiff Bray purports to bring this count pursuant to the Ohio laws governing negligent design and failure to warn, but denies that plaintiff is entitled to the relief sought.

360.   Philips denies the allegations in paragraph 360 of the Complaint.

361.   Philips denies the allegations in paragraph 361 of the Complaint.

362.   Philips admits that it marketed and sold many models of LCD and plasma televisions until in or around August 2008.  Philips denies all remaining allegations in paragraph 362 of the Complaint.

363.   Philips denies the allegations in paragraph 363 of the Complaint.

364.   Philips denies the allegations in paragraph 364 of the Complaint.

365.   Philips denies the allegations in paragraph 365 of the Complaint.

366.   Philips is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 366 of the Complaint and, therefore, denies the same.

## COUNT XX

367.   Philips repeats and incorporates its responses to paragraphs 1-109 as if fully set forth herein.

368.   Philips admits that plaintiffs purport to bring this count pursuant to the Michigan Consumer Protection Act, § 445.901, et seq. (the "MCPA"), but denies that plaintiffs are entitled to the relief sought.

369.   Philips states that the language of the MCPA speaks for itself.  Philips denies all remaining allegations in paragraph 369 of the Complaint.

370.   Philips denies the allegations in paragraph 370 of the Complaint.

371.   Philips admits that it marketed and sold LCD and plasma televisions until in or around August 2008.   Philips denies all remaining allegations in paragraph 371 of the Complaint.

372.   Philips denies the allegations in paragraph 372 of the Complaint.

373.   Philips denies the allegations in paragraph 373 of the Complaint.

374.   Philips denies the allegations in paragraph 374 of the Complaint.

375.   Philips denies the allegations in paragraph 375 of the Complaint.

376.   Philips denies the allegation of defect and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 376 of the Complaint and, therefore, denies the same.

377.   Philips denies the allegations in paragraph 377 of the Complaint.

378.   Philips denies the allegations in paragraph 378 of the Complaint.

## COUNT XXI

379-390.   Count XXI has been dismissed and, therefore, no response is required of Philips.   To the extent a response is required, Philips denies the allegation in paragraphs 379-390.

## COUNT XXII

391-403.   Count XXII has been dismissed and, therefore, no response is required of Philips.   To the extent a response is required, Philips denies the allegation in paragraphs 391-403.

## COUNT XXIII

404.   Philips repeats and incorporates its responses to paragraphs 1-109 as if fully set forth herein.

405.   Philips admits that plaintiff Youngblood purports to bring this count pursuant to Rev. Code Wash. § 19.86.20, but denies that plaintiff is entitled to the relief sought.

406.   Philips states that the language of the Rev. Code Wash. § 19.86.20 speaks for itself.  Philips denies all remaining allegations in paragraph 406 of the Complaint.

407.   Philips denies the allegations in paragraph 407 of the Complaint.

408.   Philips admits that it marketed and sold LCD and plasma televisions until in or around August 2008.   Philips denies all remaining allegations in paragraph 408 of the Complaint.

409.   Philips denies the allegations in paragraph 409 of the Complaint.

410.   Philips denies the allegations in paragraph 410 of the Complaint.

411.   Philips denies the allegations in paragraph 411 of the Complaint.

412.   Philips denies the allegations in paragraph 412 of the Complaint.

413.   Philips denies the allegation of defect and s without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 413 of the Complaint and, therefore, denies the same.

414.   Philips denies the allegations in paragraph 414 of the Complaint.

415.   Philips denies the allegations in paragraph 415 of the Complaint.

## COUNT XXIV

416-428.   Count XXIV has been dismissed and, therefore, no response is required of Philips.   To the extent a response is required, Philips denies the allegation in paragraphs 416-428.

## COUNT XXV

429.   Philips repeats and incorporates its responses to paragraphs 1-109 as if fully set forth herein.

430.   Philips admits that plaintiff Saunders purports to bring this count pursuant to the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101, et seq. ("ADTPA"), but denies that plaintiff is entitled to the relief sought.

431.   Philips states that the language of the ADTPA speaks for itself. Philips denies all remaining allegations in paragraph 431 of the Complaint.

432.   Philips denies the allegations in paragraph 432 of the Complaint.

433.   Philips admits that it marketed and sold LCD and plasma televisions until in or around August 2008.   Philips denies all remaining allegations in paragraph 433 of the Complaint.

434.   Philips denies the allegations in paragraph 434 of the Complaint.

435.   Philips denies the allegations in paragraph 435 of the Complaint.

436.   Philips denies the allegations in paragraph 436 of the Complaint.

437.   Philips denies the allegations in paragraph 437 of the Complaint.

438.   Philips denies the allegation of defect and is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 438 of the Complaint and, therefore, denies the same.

439.   Philips denies the allegations in paragraph 439 of the Complaint.

440.   Philips denies the allegations in paragraph 440 of the Complaint.

## COUNT XXVI

441-452.   Count XXVI has been dismissed and, therefore, no response is required of Philips.   To the extent a response is required, Philips denies the allegation in paragraphs 441-452.

## COUNT XXVII

453-465.   Count XXVII has been dismissed and, therefore, no response is required of Philips.   To the extent a response is required, Philips denies the allegation in paragraphs 453-465.

## COUNT XXVIII

466-477.   Count XXVIII has been dismissed and, therefore, no response is required of Philips.   To the extent a response is required, Philips denies the allegation in paragraphs 466-477.

Responding to the unnumbered paragraph beginning WHEREFORE, Philips denies that plaintiffs are entitled to the relief sought in said paragraph, including subparts (a)-(f).

## **AFFIRMATIVE DEFENSES**

478.   Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

479.   Plaintiffs' claim for injunctive relief, as well as such claims of the purported class, are barred because an adequate remedy at law exists.

480.   All or a portion of Plaintiffs' claims, as well as the claims of purported class members, are barred by the applicable statutes of limitation.

481.   Plaintiffs' claims, as well as the claims of the purported class members, are barred by the doctrine of laches.

482.   Plaintiffs and members of the purported class have failed to mitigate their alleged injuries and damages.

483.   Plaintiffs and members of the purported class have waived or are estopped from asserting the alleged claims.

484.   Plaintiffs' claims, as well as the claims of putative class members, are barred for lack of any ascertainable loss.

485.   Plaintiffs' claims, as well as the claims of the purported class members, are barred by:

      a.      failure to provide timely notice to Philips of any claim or alleged breach of warranty;

      b.      the disclaimers, exclusions and/or modifications of warranties and limitations of remedies; and

      c.      the express terms and time limitations of Philips' Limited Warranty.

486.   To the extent any plaintiff's statutory claim is premised on a breach of warranty theory, that claim is barred by the Court's September 1, 2010 order dismissing plaintiff's breach of warranty claims.

487.   The televisions in issue were designed and manufactured to the state of the art for the design and manufacture of similar products.

488.   Plaintiffs' Complaint should be dismissed in whole or in part due to Plaintiffs' lack of standing, individually and on behalf of the purported class members.

489.   Plaintiffs, as well as the purported class members who purchased Philips Television Sets, received the full benefit of the bargain.

490.   Plaintiffs' claims, and those of members of the purported class, are barred by misuse or abuse of the Philips and Magnavox LCD and plasma televisions.

491.   Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Excessive Fines Clause of the Eighth Amendment and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and corresponding provisions in applicable state constitutions.

492.   Unless Philips' liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate Philips' due process rights guaranteed by applicable state constitutions and by the United States Constitution as applied in *State Farm Mutual Automobile Insurance Co.  v. Campbell*, 538 U.S. 408 (2003), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *Pacific Mutual Life Insurance Co. v. Haslip*, 499 U.S. 1 (1990), and *Matthews v. Eldridge*, 424 U.S. 319 (1976).

493.   Philips at all times acted in good faith and did not misrepresent or fraudulently conceal any material facts or information from the Plaintiffs or putative class members.

494.   Any misrepresentations alleged in the Complaint were not material or were not relied upon by the Plaintiffs or putative class members.

495.   No plaintiff or putative class member has standing to rely upon any state's consumer fraud act or other statutory provision alleged in the Complaint if that plaintiff or putative class member is not a citizen of that specific state.

496.   Plaintiffs' claims are not appropriate for class action treatment pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2), or 23(b)(3) and applicable case law and, therefore, class certification should be denied.

497.   Philips reserves the right to raise such further and additional defenses as may be available upon the facts to be developed in discovery and under applicable substantive law.

WHEREFORE, Philips respectfully requests that the Complaint be dismissed with prejudice, that Philips be awarded its attorneys' fees and expenses incurred herein, and that the Court award any other relief deemed just and proper.

Dated:  September 16, 2010

> **PHILIPS ELECTRONICS NORTH AMERICA CORPORATION**
>
> */s/ Leda Dunn Wettre*
> Leda Dunn Wettre
> Robinson, Wettre & Miller LLC
> One Newark Center, 19th Floor
> Newark, New Jersey 07102
> (973) 690-5400
> lwettre@rwmlegal.com

Matthew J. Calvert
Ashley Cummings
Hunton & Williams LLP
Bank of America Plaza, Suite 4100
600 Peachtree Street, N.E.
Atlanta, Georgia  30308-2216
404-888-4000 (telephone)
404-888-4190 (facsimile)
mcalvert@hunton.com
acummings@hunton.com

George P. Sibley III
Hunton & Williams LLP
951 East Byrd Street, East Tower
Richmond, Virginia  23219
(804) 788-8200
gsibley@hunton.com

**Attorneys for Defendant Philips
Electronics North America Corporation**

## <u>CERTIFICATE OF SERVICE</u>

THIS IS TO CERTIFY that I have on this 16th day of September caused the

foregoing PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S

ANSWER TO PLAINTIFFS' CONSOLIDATED COMPLAINT to be filed using

the Court's CM/ECF system, and thereby electronically served it upon all

registered ECF users in this case.

Steven A. Schwartz, Esq.
Benjamin F. Johns, Esq.
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041

*Liaison Counsel for Plaintiffs
and Putative Class*

Andrew N. Friedman, Esq.
Douglas J. McNamara, Esq.
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C.  20005

Michael A. Schwartz, Esq.
HORWITZ, HORWITZ & PARADIS
405 Lexington Avenue, 61st Floor
New York, NY 10174

*Interim Co-Lead Counsel for Plaintiffs
and Putative Class*

*/s/ Leda Dunn Wettre*