# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: PHILIPS/MAGNAVOX TELEVISION LITIGATION | ) ) ) ) ) ) ) ) |

Civil Action No.: 2:09-cv-03072(PGS)(ES)

CLASS ACTION

## NON-PARTY FUNAI CORPORATION, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

John P. Lavelle, Jr.
Christopher Iannicelli
MORGAN LEWIS & BOCKIUS LLP
502 Carnegie Center, 2nd Floor
Princeton, New Jersey 08540
Tel: (609) 919-6600
Fax: (609) 919-6701
jlavelle@morganlewis.com
ciannicelli@morganlewis.com

*Attorneys for Non-Part Funai Corporation, Inc.*

DB1/65966020.3

## TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ..................................................................1

II. PROCEDURAL AND FACTUAL HISTORY ............................................2

    A. Plaintiffs' Claims Against Funai Corp. And Their Dismissal .............2

    B. Plaintiffs' Demands For Production Of The Documents Prior To Funai Corp.'s Dismissal From This Action ..................................4

    C. Plaintiffs' Subpoena To Funai Corp. And Funai Corp.'s Objections and Responses .................................................................5

III. ARGUMENT ................................................................................................6

    A. Plaintiffs' Motion to Compel Should Be Denied Because The BLA Documents Are Neither Relevant To Plaintiffs Claims Against Philips Nor Reasonably Calculated To Lead To The Discovery Of Admissible Evidence Against Philips ...........................6

        1. The Scope Of Non-Party Discovery Is Narrower Than Party Discovery ...............................................................6

        2. Plaintiffs' Shifting Theories Of The Purported Relevance Of The BLA Documents................................9

        3. The BLA Documents Are Irrelevant To Plaintiffs' Claims Against Philips And Therefore Not Reasonably Calculated To Lead To The Discovery Of Admissible Evidence Against Philips................................10

        4. Funai Corp. Does Not Possess Any Non-Privileged "Due Diligence" Materials Responsive To The Subpoena ................................................................13

    B. Funai Corp. Is Entitled To Recover Its Attorneys' Fees and Costs .......................................................................................15

IV. CONCLUSION...........................................................................................17

# TABLE OF AUTHORITIES

**Page**

## CASES

*Andritz Sprout-Bauer, Inc. v. Beazer East, Inc.*, 174 F.R.D. 609
 (E.D. Pa. 1997) ...................................................................................................12

*Bio-Vita, Ltd. v. Biopure Corp.*, 138 F.R.D. 13 (D. Mass 1991)..............................7

*Compaq Computer Corp. v. Packard Bell Elecs., Inc.*, 163 F.R.D. 329
 (N.D. Cal. 1995) ................................................................................................8, 9

*Dart Indus. Co. v. Westwood Chem. Co., Inc.*, 649 F.2d 646 (9th Cir. 1980).......7, 8

*Louisiana Municipal Employees Ret. Sys. v. Sealed Air Corp.*, 253 F.R.D. 300
 (D.N.J. 2008) ..................................................................................................14, 15

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978).........................................8

*RLA Marketing, Inc. v. Wham-O, Inc., et al.*, No. 04-3442, 2007 WL 766351
 (D.N.J. Mar. 7, 2007)............................................................................................6

*Stamy v. Packer*, 138 F.R.D. 412 (D.N.J. 1990).......................................................8

*Symetra Life Ins. Co. v. Rapid Settlements, Ltd.*, No. 07-133, 2008 WL 59771
 (E.D. Pa. Mar. 4, 2008) .........................................................................................7

*Tetratec Corp. v. E.I. DuPont De Nemours & Co., Inc.*, No. 90-1867, 1992 WL
 202169 (E.D. Pa. Aug. 12, 1992) .........................................................................7

*U.S. v. Ciba Corp.*, No. 791-69, 1973 WL 834 (D.N.J. June 21, 1973)................6, 7

## RULES

Fed.R.Civ.P. 26(b) ...............................................................................................7, 8
Fed.R.Civ.P. 37(a)(5)(B) ....................................................................................15, 16
Fed.R.Civ.P. 37.1 .......................................................................................................6
Fed.R.Civ.P. 37.1(a)(1)..............................................................................................6
Fed.R.Civ.P. 37.1(b)(1)..............................................................................................6
Fed.R.Civ.P. 45(c)(1).............................................................................................15, 16
Fed.R.Civ.P. 45(c)(3)(A)(iv) ................................................................................8, 9

Non-Party Funai Corporation, Inc. ("Funai Corp.") respectfully submits this Memorandum of Law in Opposition to Plaintiffs' Motion to Compel the Production of Documents from Funai Corp. ("Motion to Compel"). Plaintiffs' Motion to Compel seeks the production from a non-party of a Brand Licensing Agreement (the "BLA") entered into between two other non-parties, Funai Corp.'s Japanese parent company Funai Electric Co., Ltd. ("Funai Electric") and Koninklijke Philips Electronics N.V. and related "due diligence" (hereinafter collectively referred to as "the BLA Documents").

## I.  PRELIMINARY STATEMENT

Plaintiffs' subpoena and Motion to Compel constitute a thinly-veiled attempt to employ the non-party discovery procedures of this Court to search for some cause of action against Funai Corp. Plaintiffs repeatedly sought production of the BLA when Funai Corp. was a Defendant in this litigation, claiming then that the BLA was relevant to Plaintiffs' purported claims against Funai Corp. Now, even though Plaintiffs' claims against Funai Corp. have been dismissed, Plaintiffs persist in seeking production of the BLA, instead claiming the documents are somehow relevant to their consumer fraud claims against Defendant Philips Electronics North America Corporation ("Philips").

Plaintiffs' Motion to Compel should be denied. Plaintiffs' subpoena seeking the BLA Documents is not calculated to lead to the discovery of admissible

evidence in this litigation against Philips. Plaintiffs' repeated, improper demands for production of these documents have nothing to do with Plaintiffs' claims against Philips and everything to do with the efforts of Plaintiffs' counsel to concoct a new suit against Funai Corp. In fact, Funai Corp. has agreed to produce any responsive documents it has concerning customer service calls and repairs concerning Philips televisions. The confidential BLA will not establish any element of Plaintiffs' claims against Philips. Nor has Philips asserted that the BLA provides a defense concerning any claims. Moreover, Funai Corp. does not possess any non-privileged "due diligence" materials responsive to the subpoena.

Funai Corp. should be awarded its attorneys' fees and costs incurred in responding to Plaintiffs' meritless motion.

## II. PROCEDURAL AND FACTUAL HISTORY

### A. Plaintiffs' Claims Against Funai Corp. And Their Dismissal

This litigation is a consolidated action combining four individual lawsuits.[1] In all four of the individual lawsuits, Plaintiffs asserted that Philips "flat screen" televisions purportedly incorporated a "design defect" causing them to overheat and fail, often after the expiration of the limited warranty, and that Philips and

---

[1] *Carter v. Funai Corp., Inc., and Philips Electronics North America, Inc.*, No. 2:09-cv-03072; *Mancinelli, et al. v. Philips Electronics North America*, No. 2:09-cv-5121; *Rock, et al. v. Philips Electronics North America*, No. 2:09-cv-5120; and *Umble v. Funai Corporation, Inc. and Philips Electronics North America, Inc.*, No. 2:09-cv-0356

-2-

Funai Corp. allegedly knew of this defect when they sold the televisions but failed to disclose it. Plaintiffs filed a Consolidated Complaint on December 30, 2009 against Funai Corp. and Philips containing twenty-eight separate Counts, all of which were variations under the laws of different states on three basic causes of actions: (1) state consumer fraud; (2) implied warranty of merchantability; and (3) unjust enrichment. *See* Consolidated Complaint ("CC") (Docket Entry No. 44).

As a basis for their purported claims against Funai Corp., Plaintiffs alleged that pursuant to the BLA: "[Funai Corp.] assumed responsibility for all Philips-branded consumer television activities in the United States. Thus, not only did Funai begin manufacturing and selling the Philips/Magnavox Flat Screen TVs after September 2008, Funai began providing customer service and warranty service to the Class, as evidenced by Funai replacing CGS as Philips customer service representative in the United States." *Id.* at ¶ 122.

Defendants moved to dismiss the Consolidated Complaint on February 16, 2010. Funai Corp. sought dismissal of Plaintiffs' claims, among other grounds, because virtually all of the Plaintiffs purchased their televisions **before** September 2008 when Plaintiffs alleged that Funai Corp. began manufacturing, selling and servicing the televisions. *See* Docket Entry Nos. 48 and 58. Plaintiffs argued in opposition that the Court should postpone ruling on the motion "[u]ntil discovery [with respect to the BLA] reveals any potential limitations on Funai's liability with

-3-

respect to Class members that purchased Philips/Magnavox Flat Screen TVs prior to September 2008." *See* Plaintiffs' Br. in Opp. to Funai Corp.'s Motion to Dismiss at pg. 16 (Docket Entry No. 55).

On September 1, 2010 Judge Sheridan entered an Order and 19 page written Opinion dismissing all of Plaintiffs' claims against Funai Corp. in their entirety. *See* Sept. 1, 2010 Order (Docket Entry No. 76) and Sept. 1, 2010 Opinion (Docket Entry No. 75). The Court specifically rejected Plaintiffs' argument that "dismissal of Plaintiffs' claims against Funai is premature ***because discovery will demonstrate Funai's liability pursuant to its brand licensing agreement with Philips***." *See* Opinion at pg. 14 (emphasis added). The Court also dismissed the purported implied warranty and unjust enrichment claims against Philips. As a result, only Plaintiffs' consumer fraud claims against Philips remain pending in this action.

B.  **Plaintiffs' Demands For Production Of The Documents Prior To Funai Corp.'s Dismissal From This Action**

Plaintiffs made repeated demands for production of the BLA from Funai Corp. before Funai Corp. was dismissed from this action, asserting that the BLA Documents were relevant to their purported claims against Funai Corp.

On November 30, 2009, the Court held a Status Conference at which the Court stayed discovery pending the filing of Plaintiffs' Consolidated Complaint and a determination of Defendants' anticipated motions to dismiss. On December

-4-

2, Plaintiffs sent a letter to Funai Corp. demanding production of the BLA despite the discovery stay. *See* Dec. 2, 2009 Letter attached hereto as Exhibit "A". Plaintiffs claimed that production of the BLA would "assist Plaintiffs in evaluating [Funai Corp.'s request to be] dismissed from the consolidated action." Because discovery had been stayed, Funai Corp. declined Plaintiffs' request.

Plaintiffs again sought production from Funai Corp. of the BLA as well as the "due diligence" documents after this Court lifted the discovery stay. *See* Plaintiffs' First Requests for the Production of Documents from Funai Corp. (relevant excerpts are attached hereto as Exhibit "B"). These Requests were rendered moot by this Court's dismissal of all of Plaintiffs' claims against Funai Corp.

**C.    Plaintiffs' Subpoena To Funai Corp. And Funai Corp.'s Objections and Responses**

Just two weeks following Funai Corp.'s dismissal from this action, Plaintiffs sent a Fed. R. Civ. P. 45 Subpoena *duces tecum* to Funai Corp. which includes 11 broad Document Requests (the "Subpoena"). *See* Exhibit "C". The requests for the BLA Documents were reproduced virtually verbatim from the Document Requests Plaintiffs served prior to Funai Corp.'s dismissal from the case.

Funai Corp. agreed to produce most of the categories of documents sought in the subpoena, including responsive documents it possesses, if any, concerning customer service calls and repairs concerning Philips televisions. The only

documents at issue in the present Motion are the confidential BLA itself and any "due diligence" Funai Corp. performed in connection with it.

### III.   ARGUMENT

**A.   Plaintiffs' Motion to Compel Should Be Denied Because The BLA Documents Are Neither Relevant To Plaintiffs Claims Against Philips Nor Reasonably Calculated To Lead To The Discovery Of Admissible Evidence Against Philips**

The BLA Documents are neither relevant to Plaintiffs remaining state consumer protection claims against Philips nor reasonably calculated to lead to the discovery of admissible evidence against Philips.  Therefore, the documents are outside the scope of permissible discovery and Funai Corp. should not be compelled to produce them.[2]

**1.   The Scope Of Non-Party Discovery Is Narrower Than Party Discovery**

The rule is well established that nonparties to litigation enjoy significant protection from the broadside discovery Plaintiffs seek through the Subpoena. *U.S.*

---

[2] Plaintiffs' Motion to Compel should also be denied because it is procedurally improper.  Plaintiffs ignored the restrictions on filing discovery motions imposed by Local Civil Rule 37.1 and filed their Motion to Compel before presenting the dispute to the Court for resolution by telephone call or letter.  Plaintiffs also failed to submit the affidavit required by Local Civil Rule 37.1(b)(1).  As a result, the Motion to Compel should be denied.  *See RLA Marketing, Inc. v. Wham-O, Inc., et al.,* No. 04-3442, 2007 WL 766351, *2 (D.N.J. Mar. 7, 2007) (Salas, U.S.M.J.) ("[U]nder L. Civ. R. 37.1(a)(1), no discovery motion may even be filed until counsel for all parties have conferred in an attempt to resolve the dispute without recourse to the Court.  Moreover, if the parties fail to resolve the dispute at their conference, then before a motion can be filed, they must present the matter to the Magistrate Judge by telephone conference call or by letter.")

*v. Ciba Corp.*, No. 791-69, 1973 WL 834 *3 (D.N.J. June 21, 1973) ("The general lesson taught by the cases is that non-parties are entitled to a greater degree of protection than are parties.") *see also, Tetratec Corp. v. E.I. DuPont De Nemours & Co., Inc.*, No. 90-1867, 1992 WL 202169 at *1 (E.D. Pa. Aug. 12, 1992) ("[t]he rule is thus well established that non-parties to litigation enjoy greater protection from discovery than normal parties") (citations and internal quotations omitted).

      The scope of discovery differs significantly between parties and nonparties. *Bio-Vita, Ltd. v. Biopure Corp.*, 138 F.R.D. 13, 17 (D. Mass. 1991); *see also*, *Symetra Life Ins. Co. v. Rapid Settlements, Ltd.,* No. 07-133, 2008 WL 597711 * 2 (E.D. Pa. Mar. 4, 2008) ("Courts have imposed broader restrictions on the scope of discovery when a non-party is targeted.") (citation and internal quotations omitted). Under Fed.R.Civ.P. 26(b), "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action...." *Bio-Vita,* 138 F.R.D. at 17. This "relevance" standard, however, does ***not*** apply to nonparties. *See Dart Indus. Co. v. Westwood Chem. Co., Inc.,* 649 F.2d 646, 649 (9th Cir. 1980) ("While discovery is a valuable right and should not be unnecessarily restricted ..., the 'necessary' restriction may be broader when a nonparty is the target of discovery") (citation omitted). Indeed, while relevance is generally defined broadly, "***the standards for nonparty discovery require a stronger showing of relevance than for simple party***

-7-

***discovery.***" *Stamy v. Packer*, 138 F.R.D. 412, 419 (D.N.J. 1990) (emphasis added) (citing *Dart Indus. Co.*, 649 F.2d at 649)).

With respect to relevance, the information sought by the subpoena must be relevant to the claims and defenses in the underlying case. *Id. See also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (stating that relevant discovery includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case"). Relevance does not mean that the information sought might provide a basis for a potential future claim against a non-party. If that were the standard then any lawsuit could provide a platform for the use of non-party subpoenas to conduct fishing expeditions to find new claims against new defendants.

Of course, the information sought must also be "reasonably calculated to lead to the discovery of admissible evidence" in the underlying case. *See* Fed.R.Civ.P. 26(b). And, where the information sought by a subpoena is irrelevant and not calculated to lead to the discovery of admissible evidence a court may quash or otherwise modify the subpoena. *See* Fed.R.Civ.P. 45(c)(3)(A)(iv); *see also Compaq Computer Corp. v. Packard Bell Elecs., Inc.*, 163 F.R.D. 329, 335 (N.D.Cal. 1995) (holding that where documents sought from a nonparty were not relevant or calculated to lead to admissible evidence, then any burden on the

nonparty is by definition "undue" under Fed.R.Civ.P. 45(c)(3)(A)(iv) and subpoena may be quashed).

### 2. Plaintiffs' Shifting Theories Of The Purported Relevance Of The BLA Documents

While Funai Corp. was a Defendant in this litigation, Plaintiffs repeatedly sought production of the BLA, even unsuccessfully seeking to postpone determination of Funai Corp.'s Motion to Dismiss because discovery might "***demonstrate Funai's liability pursuant to its brand licensing agreement with Philips***." *See* September 1, 2010 Opinion at pg. 14 (Docket No. 75) (emphasis added). Now, however, Plaintiffs have changed their tune, implausibly asserting that the BLA Documents are somehow relevant to Plaintiffs' claims against Philips. Plaintiffs' latest justification is a smoke screen for their true motivation: Plaintiffs' counsel wants the documents because they hope the documents may provide support for an attempt to assert new claims against Funai Corp. The following chart summarizes Plaintiffs' shifting theories of "relevance" over the course of this litigation to date:

### Time-Line of Plaintiffs' Shifting Theories of Relevance

| Date | Theory of Relevance |
| --- | --- |
| December 2009 | Plaintiffs claim the BLA is relevant to "assist [] in evaluating [Funai Corp.'s request to be] dismissed from the consolidated action." *See* Exhibit "A". |

-9-

| | |
|---|---|
| April 2010 | Plaintiffs argue in opposition to Funai Corp.'s motion to dismiss that the Court should postpone ruling on the motion because the BLA is relevant to Funai Corp.'s potential liability. *See* Plaintiffs' Br. in Opp. to Funai Corp.'s Motion to Dismiss at pg. 16 (Docket Entry No. 55) (the Court should postpone ruling "until discovery [with respect to the BLA] reveals any potential limitations on Funai's liability with respect to Class members that purchased Philips/Magnavox Flat Screen TVs prior to September 2008.") |
| October 8, 2010 | Plaintiffs state that "[t]he relevance of the [BLA Documents], [] lies in the fact that it divides responsibility for the defective televisions at issue in this litigation between Philips and [Funai]." *See* Exhibit "D". |
| October 15, 2010 | Plaintiffs argue in the Motion to Compel that the BLA Documents are relevant to Plaintiffs' claims ***against Philips*** "because pursuant to the Agreement, Defendant Philips transferred various responsibilities for the defective televisions that form the basis of this litigation, including customer service, from Philips to Funai." *See* Motion to Compel at pg. 1. (Docket Entry No. 85) |

**3.    The BLA Documents Are Irrelevant To Plaintiffs' Claims Against Philips And Therefore Not Reasonably Calculated To Lead <u>To The Discovery Of Admissible Evidence Against Philips</u>**

Plaintiffs allege in this action that Philips violated various state consumer protection statutes by failing to disclose a known defect in televisions ***as early as 2003***. *See* Consolidated Complaint at ¶ 63.  These state consumer protection statutes have different substantive requirements but, collectively, "they are intended to broadly prohibit unconscionable or immoral commercial practices, and fraud and deception through misrepresentations or intentional omissions." *See* September 1, 2010 Opinion, (Docket No. 75) at pg. 10.  The BLA, which was not entered into until ***September 2008*** (or five years after Philips is alleged to have

-10-

begun concealing the alleged defect in the televisions) and the related documents requested by Plaintiffs have no bearing on Plaintiffs' consumer fraud claims for a number of reasons.

First, the BLA purportedly governs the terms on which Philips' parent licensed the sale of Philips/Magnavox televisions by Funai Electric in September 2008. These licensing terms are wholly irrelevant to any element of Plaintiffs' consumer fraud claims against Philips relating to *Philips'* alleged knowledge when selling televisions. Second, the Court already determined that the BLA Documents are irrelevant to Plaintiffs' claims because all but one of the named Plaintiffs (Deanna Marshall) purchased their televisions *before* September 1, 2008, and Marshall failed to state a claim against Funai Corp. *Id*. at 13-14. Notably, Philips has not asserted that the BLA provides it with a defense to any of Plaintiffs' claims.

Plaintiffs also contend that the requested documents are relevant because they relate to Funai Corp.'s "**provision of customer service** for Philips branded televisions" (*See* Plaintiffs' Motion to Compel, (Docket No. 86) at 2 (emphasis in original)) and might reveal customer complaints and requests for service after September 1, 2008 relating to televisions bought as far back as 2005. *Id*. at 6. This argument, however, is not a justification for the production of the BLA itself, but, rather for the production of documents relating to customer complaints and

requests for service and repair allegedly made to Funai Corp.  Funai Corp. has, however, already ***agreed to produce*** all non-privileged documents relating to these topics in response to Plaintiff's Document Request Nos. 1-4 and 7.  *See* Funai Corp.'s Objections and Responses attached as Exhibit "E".  As noted in Funai Corp.'s Objections and Responses, these documents will be produced at a mutually convenient time and place following the resolution of the current discovery disputes between Plaintiffs and Philips.  *Id*.

In light of the foregoing, Plaintiffs have failed to meet their burden of establishing the relevance of the documents.  *See Andritz Sprout-Bauer, Inc. v. Beazer East, Inc.,* 174 F.R.D. 609, 631 (E.D. Pa. 1997) (once an objection is raised as to relevancy, the party seeking discovery bears the burden of demonstrating the relevance of the sought information to the issues in litigation).  The documents are not relevant to Plaintiffs' claims against Philips and are not reasonably calculated to lead to the discovery of admissible evidence against Philips.

It is noteworthy that Plaintiffs' counsel recently filed a proposed class action complaint in the District of New Jersey against defendant Samsung Electronics America, Inc. asserting nearly identical claims to those asserted in this action against Funai and Philips (the "Samsung Action").  Indeed, the Complaint filed in the Samsung Action (which is attached hereto as Exhibit "F") is ***essentially***

*identical* to the Consolidated Complaint filed in this action.[3] It is apparent that Plaintiffs' counsel's true aim in moving to compel the production of the BLA and related documents is *not* to obtain evidence to support its claims against Philips. Instead, they want the documents because they want to search for some basis to assert claims against Funai Corp., just as they have against Philips and Samsung. This is not a permissible reason for subpoenaing the BLA documents.

Plaintiffs' argument regarding the purported relevance of the BLA documents to their claims against Philips is nothing more than a fabrication meant to legitimatize their otherwise impermissible discovery requests.  Plaintiffs' Motion to Compel should be denied.

### 4. Funai Corp. Does Not Possess Any Non-Privileged "Due Diligence" Materials Responsive To The Subpoena

Plaintiffs also seek to compel the production of "[a]ll documents and communications concerning any *due diligence* performed by or on behalf of Funai in connection with the Brand Licensing Agreement."  *See* Document Request No. 10 (emphasis added).  *See* Exhibit "C".  Funai specifically objected to this request

---

[3] The lawsuit alleges that plasma, LCD and DLP televisions sold by Samsung suffer from a design defect that causes them to fail prematurely. The alleged design defect involves the same issue alleged in this action against Funai and Philips: an alleged capacitor problem which causes the Samsung televisions to fail shortly after their warranties expire.  The complaint alleges that Samsung (just like Funai and Philips) was aware of this design defect, but failed to disclose it to consumers. The complaint asserts claims against Samsung for violations of consumer fraud laws and breach of warranty.

-13-

to the extent it called for the production of documents protected by the attorney-client privilege. *See* Funai's Objections and Responses at pgs. 9-10. *See* Exhibit "E".

Morgan Lewis represented Funai Electric in connection with the BLA entered into between Funai Electric and Koninklijke Philips Electronics N.V. *See* Certification of Alan J. Neuwirth, attached as Exhibit G, at ¶ 4. Neither Funai Corp. nor Morgan Lewis conducted a "due diligence" review in connection with the BLA concerning the existence, handling or processing of service calls concerning Philips televisions. *Id.* at ¶ 5; Certification of Yoichi Kanazawa, attached as Exhibit H, at ¶ 4. In particular, the books and records of Koninklijke Philips Electronics N.V. concerning the existence, handling or processing of service claims with respect to Philips televisions were not provided to Funai Corp. or reviewed by Morgan Lewis in connection with the BLA. Neuwirth Cert. at ¶ 6; Kanazawa Cert. at ¶ 5.

Morgan Lewis did engage in privileged communications with its client Funai Electric concerning the BLA. Neuwirth Cert. at ¶ 7. Any such communications, however, are protected by the attorney client privilege and their production cannot be compelled here. *See Louisiana Municipal Police Employees Ret. Sys. v. Sealed Air Corp.*, 253 F.R.D. 300 (D.N.J. 2008) (holding that transactional due diligence documents related to prospective buyer's analysis of

target company's solvency and asbestos and environmental liabilities were protected from disclosure by the attorney-client privilege).

### B. Funai Corp. Is Entitled To Recover Its Attorneys' Fees and Costs

The Court has the authority to award Funai Corp. its attorneys' fees and costs incurred in opposing the Motion to Compel. Rule 45(c)(1) requires that "[a] party... responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Under Rule 45(c)(1), "[t]he issuing court must enforce this duty and impose an appropriate sanction - which may include lost earnings and reasonable attorney's fees - on a party... who fails to comply." In addition, Rule 37(a)(5)(B) also provides that where a motion to compel is denied the court may "require the movant, the attorney filing the motion, or both to pay the party … who opposed the motion its reasonable expenses incurred in opposition the motion, including attorney's fees."

As discussed above, Plaintiffs have filed a Motion to Compel which is meritless and should be denied. The BLA is irrelevant to Plaintiffs' claims against Philips, as Funai Corp. made abundantly clear to Plaintiffs before they filed the Motion to Compel. As a result of Plaintiffs' improper efforts to employ a subpoena and a Motion to Compel seeking the production of documents of no possible relevance to this litigation, Funai Corp. has been forced to respond to

-15-

Plaintiffs' Motion to Compel and incur significant attorneys' fees and costs. Funai Corp. respectfully submits that in light of the foregoing it is entitled to recover its attorneys' fees and costs under Fed. R. Civ. P. 37(a)(5)(B) and Fed. R. Civ. P. 45(c)(1).

## IV. CONCLUSION

For the foregoing reasons, Funai Corp. respectfully requests that the Court deny Plaintiffs' Motion to Compel in its entirety and award Funai Corp. its attorneys' fees and costs.

Respectfully submitted,

Dated: November 15, 2010    MORGAN LEWIS & BOCKIUS LLP

By: *s/ John P. Lavelle, Jr.*
John P. Lavelle, Jr.
Christopher Iannicelli
502 Carnegie Center, 2nd Floor
Princeton, New Jersey 08540
Tel: (609) 919-6600
Fax: (609) 919-6701
jlavelle@morganlewis.com
ciannicelli@morganlewis.com

*Attorneys for Defendant Funai Corporation, Inc.*