UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| In re PHILIPS/MAGNAVOX TELEVISION LITIGATION | Civ. A. No. 09-03072 (CCC) (JAD)<br><br>Class Action |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASS, DIRECTING DISTRIBUTION OF CLASS NOTICE, APPOINTING PLAINTIFFS' COUNSEL AS COUNSEL TO THE SETTLEMENT CLASS, AND SETTING HEARING FOR DETERMINATION OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**WHEREAS,** the Plaintiffs and Defendant have entered into a Stipulation of Class Action Settlement (the "Settlement Agreement") intended to partially resolve the litigation pending in this Court;

**WHEREAS,** the Court finds that it has jurisdiction over this Action;

**WHEREAS,** the Settlement Agreement, together with the supporting materials, set forth the terms and conditions for a proposed Settlement and dismissal with prejudice of these actions against the Defendant Philips Electronics North America Corporation ("Philips" or "Defendant");

1

**WHEREAS,** the Court has before it Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement, supporting Memorandum of Law in Support of the Motion for Preliminary Approval of Settlement, together with the Settlement Agreement, dated September 15, 2011, and exhibits thereto; and

**WHEREAS,** the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arm's length settlement negotiations between competent and experienced counsel for both Plaintiffs and Defendant, including through mediation supervised by a former United States District Judge, and that the requirements for granting preliminary approval to the settlement are otherwise satisfied.

**IT IS HEREBY ORDERED AS FOLLOWS:**

**I.  PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT**

1.  The terms of the Settlement Agreement are hereby preliminarily approved, subject to further consideration thereof at the Final Approval Hearing provided for below. Unless otherwise provided here, capitalized terms used in this Order have the meanings assigned to them in the Settlement Agreement. The Court finds that said Settlement Agreement is sufficiently within the range of reasonableness and merits possible final

approval, and that notice to Class Members of the proposed Settlement should be given as provided in this Order pursuant to the Notice Plan set forth in the Settlement Agreement.

## II.     CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS

2.     The Court conditionally finds that Plaintiffs Juried, Mancinelli, Margrif, Rock, Seitsinger, and Youngblood (the "Class Representatives") are members of the Settlement Class, the Class Representatives can fairly and adequately represent the interests of absent Class Members, and the Class Representatives' claims are typical of the claims of the Settlement Class, and the Court conditionally appoints them as Class Representatives for the Settlement Class.

3.     The Court conditionally determines that the Settlement Class meets all applicable requirements of Federal Rule of Civil Procedure 23 ("Rule 23"), and pursuant to Rule 23, the Court conditionally certifies, for purposes of settlement only, the following Settlement Class: all Persons who purchased new or received as a gift a new Philips or Magnavox branded plasma television of one of the following models in the United States with a serial number reflecting a manufacturing date between November 1, 2005 through December 31, 2006:

| | |
|---|---|
| 50PF9830A/37 | 42PF9630A/37 |
| 50PF9731D/37 | 42PF7321D/37 |
| 50PF9631D/37 | 42PF7320A/37 |
| 50PF9630A/37 | 42PF7220A/37 |
| 50PF9431D/37 | 42PF5321D/37 |
| 50PF7321D/37 | 50MF231D/37 |
| 50PF7320A/37 | 50PF7220A/37 |

### III. APPOINTMENT OF CLASS COUNSEL

4. The Court hereby appoints the following as Class Counsel for the Settlement Class:

> Andrew N. Friedman
> Douglas J. McNamara
> COHEN MILSTEIN SELLERS & TOLL PLLC
> 1100 New York Avenue, NW
> Suite 500, West Tower
> Washington, D.C. 20005
>
> Michael A. Schwartz
> Justin B. Shane
> HORWITZ, HORWITZ & PARADIS
> 570 Seventh Ave, 20th Fl.
> New York, NY 10023
>
> Steven A. Schwartz
> Benjamin F. Johns
> CHIMICLES & TIKELLIS LLP
> 361 W. Lancaster Avenue
> Haverford, Pennsylvania 19041

5. In appointing Class Counsel for the Settlement Class, the Court has considered the work that Co-Lead Counsel and Liaison Counsel have done in investigating and pursuing potential claims in the action, finds that Co-Lead Counsel and Liaison Counsel have extensive experience in

4

handling class actions, other complex litigation, and the types of claims asserted in the action, concludes that Co-Lead Counsel and Liaison Counsel have demonstrated their knowledge of the applicable law and that Co-Lead Counsel and Liaison Counsel have committed and will continue to commit resources to representing the Settlement Class. *See generally* Fed. R. Civ. P. 23(g)(1).

## IV.   FINAL APPROVAL HEARING

6. The Court hereby sets a Final Approval Hearing to (i) determine finally whether the Settlement Class satisfies the applicable requirements of Rule 23 and should be finally certified for settlement purposes only; (ii) review objections, if any, regarding the Settlement Stipulation; (iii) consider the fairness, reasonableness and adequacy of the Settlement; (iv) consider counsel's application for an award of attorneys' fees and reimbursement of expenses; (v) consider certain requests by Class Representatives for an Incentive Award; (vi) determine the validity of Requests for Exclusion and exclude from the Settlement Class those persons who validly and timely opt out; and (vii) consider whether the Court shall issue a final judgment and order approving the Settlement and dismissing this Action and all Constituent Actions against Philips with prejudice pursuant to Fed. R. Civ. P. 54(b).

7. The hearing will take place on December 15, 2011 at 10:30 a.m.

8. The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court. Class Counsel will advise members of the Settlement Class of any scheduling issues by way of the Settlement Website.

## V. BRIEFING SCHEDULE AND OTHER DEADLINES

9. In addition to the foregoing, the Court sets the following deadlines for the Final Approval Hearing and Plaintiffs' Counsel's request for attorneys fees and expenses, and incentive awards for the Class Representatives:

| | |
|---|---|
| **70 days before Final Approval Hearing** | **Last day to complete class notice (the "Notice Date").** |
| **60 days before Final Approval Hearing** | **Last day to file papers in support of final approval of the Settlement and any application for attorneys' fees and expenses, and incentive awards for the Class Representatives.** |
| **21 days before Final Approval Hearing** | **Last day to file comments in support of or in objection to the Settlement, the fee application and the Incentive Awards and the last day for Class Members to request exclusion from the Settlement Class (the "Opt-Out and Objection Date").** |

| 11 days before Final Approval Hearing | Last day for responses to any objections to the Settlement and/or fee application |
|---|---|
| December 15, 2011 at 10:30 a.m. | Final Approval Hearing |
| 75 days after Final Approval Hearing | Date by which all claims must be received by Claims Administrator (the "Claims Deadline"). |

## VI. NOTICE TO SETTLEMENT CLASS

10. The Court finds that the Notice Program (i) meets the requirements of Rule 23(c)(3) and due process; (ii) is the best practicable notice under the circumstances; (iii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action and their right to object to the proposed Settlement or opt out of the Settlement Class; and (iv) is reasonable and constitutes due, adequate and sufficient notice to all those entitled to receive notice.

11. Additionally, the proposed Class Notice adequately informs Class Members of their rights in the Action. The Class Notice clearly and concisely states the nature of the action; the class definition; the class claims, issues, or defenses; that the class member may appear through counsel; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a

class judgment on class members. *See* FED. R. Civ. P. 23(c)(2)..

12. The Court hereby approves the Notice Program and Class Notice as set forth in Section F of the Settlement Agreement and the Claim Form attached as an exhibit thereto. Philips or its designee(s) shall cause the Class Notice to be disseminated in the manner set forth in the Notice Program on or before the Notice Date. Prior to the Final Approval Hearing, Class Counsel and/or the Claims Administrator shall file with the Court a sworn statement attesting to compliance with meeting of the Notice Plan deadlines, and serve such statement upon Philips.

13. Upon consideration of the resume of Dahl, Inc. (Exhibit B to the Memo. of Law in Support of Plaintiff's Unopposed Motion for Preliminary Approval of the Settlement Agreement and Provisional Class Certification), the Parties' Counsel are authorized to retain Dahl, Inc. as the Claims Administrator in accordance with the terms of the Settlement Agreement and this Order.

## V. OPT OUT PROVISION

14. Settlement Class Members are permitted to opt out of this Settlement through an opt-out procedure. Any member of the Settlement Class that wishes to be excluded ("Opt Out") from the Settlement Class must send a written Request for Exclusion to the Claims Administrator, to Co-

Lead Counsel and to Philips' Counsel, postmarked on or before the Opt-Out and Objection Deadline as specified in Section F of the Settlement Agreement. The Request for Exclusion shall fully comply with the requirements set forth in the Settlement Agreement. Members of the Settlement Class may not exclude themselves by filing Requests for Exclusion as a group or class, but must in each instance individually and personally execute a Request for Exclusion.

15. Any Settlement Class Member who does not properly and timely request exclusion from the Settlement Class shall be bound by all proceedings, orders and judgments in the Action, whether or not such person objected to the Settlement and whether or not such person made a claim upon, or participated in, the Exchange Program pursuant to the Settlement Agreement.

16. All members of the Settlement Class who do not personally and timely request to be excluded from the Settlement Class are enjoined from proceeding against the Defendant for the claims made in the Complaint.

17. Any person that does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through his or her own attorney. Settlement Class Members who do not enter an appearance

through their own attorneys will be represented by Class Counsel.

## VI. OBJECTION TO SETTLEMENT

18. Any person who does not elect to be excluded from the Settlement Class may, but need not, submit comments or objections to the proposed Settlement. Any Class member may object to the fairness, reasonableness or adequacy of the proposed Settlement, entry of Final Order and Judgment approving the Settlement, and Class Counsel's application for attorney's fees, costs and expenses, and/or Incentive Award requests by submitting a written statement of his or her objection ("Objection") to the Claims Administrator, Co-Lead Counsel, and to Philips' Counsel postmarked on or before the Opt-Out and Objection Date as specific in Section F of the Settlement Agreement. The Claims Administrator will then cause all received objections to be filed with the Court.

19. Any Class Member making an Objection (an "Objector") must sign the Objection personally. An Objection must also include the following information: (a) the Objector's name, address, telephone number and, if represented by counsel, information for his or her counsel; and (b) the Objector's proof of purchase or acquisition of a Philips Plasma TV (or a full attestation regarding whether he or she purchased a Philips Plasma TV, including an attestation regarding why you do not have any such Proof of

Purchase); (c) the serial number and model number of the objector's Philips Plasma TV, and (d) a list of all cases in which the Objector has filed an objection related to any class action settlement within the past three years. In addition, Objectors are required to submit the specific reason, if any, for each objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of his or her objection, and to state whether the Settlement Class Member and/or his or her counsel wishes to make an appearance at the Final Approval Hearing, or be forever barred from separately objecting,

20. Objections, along with any notices of intent to appear, must be postmarked on or before the Opt-Out and Objection Deadline. If counsel is appearing on behalf of more than one Class Member, counsel must identify each such Settlement Class Member and each Settlement Class Member must have complied with the requirements of this Order.

21. Objections, along with any notices of intent to appear, must also be mailed to the following Class Counsel and counsel for Defendant at the addresses listed below:

## COUNSEL FOR PLAINTIFFS

      Andrew N. Friedman
      Douglas J. McNamara
      COHEN MILSTEIN SELLERS & TOLL PLLC
      1100 New York Avenue, NW
      Suite 500, West Tower
      Washington, D.C. 20005

      Michael A. Schwartz
      Justin B. Shane
      HORWITZ, HORWITZ & PARADIS
      570 Seventh Ave, 20th Fl
      New York, NY 10023

      Steven A. Schwartz
      Benjamin F. Johns
      CHIMICLES & TIKELLIS LLP
      361 W. Lancaster Avenue
      Haverford, Pennsylvania 19041

## COUNSEL FOR PHILIPS ELECTRONICS NORTH AMERICA

      Michael H. Steinberg
      Brian R. England
      SULLIVAN & CROMWELL LLP
      1888 Century Park East, Suite 2100
      Los Angeles, California 90067

      22.    Only Class Members who have served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing. Any Class Member who does not timely serve an objection in writing to the Settlement, entry of Final Judgment, or to Class Counsel's application for fees, costs, and expenses, and/or Incentive Award requests for the named

Plaintiff, in accordance with the procedure set forth in the Class Notice and mandated in this Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

23. Persons wishing to be heard at the hearing are required to serve written comments or objections and indicate in their written comments or objections their intention to appear at the hearing. Settlement Class Members need not appear at the hearing or take any other action to indicate their approval.

### VII. ADDITIONAL ORDERS

24. From the date of this Order forward, the Court hereby enjoins, without requirement of a bond, any Settlement Class Members from instituting any new litigation related to the Philips Plasma TVs against Philips until the Court may rule on the Settlement at or after the Final Approval Hearing.

25. All applicable pre-trial deadlines in the Action shall be continued indefinitely, so that Philips and Plaintiffs shall in no way be prejudiced by their efforts to resolve the claims resolved through this Agreement.

26. If the Settlement Agreement is terminated or not consummated for any reason whatsoever, the conditional certification of the Settlement

Class shall be void, the Defendant shall have reserved all of its rights to oppose any and all class certification motions, to contest the adequacy of Plaintiffs as a typical or adequate representatives of any putative class, to contest the merits of Plaintiffs' claims, and to contest the adequacy of Class Counsel as adequate Class Counsel.  Similarly, Plaintiffs reserve all of their rights, including the right to continue with the litigation pending at the time of the Settlement should the Settlement Agreement not be consummated and/or receive final approval from this Court.

27. Upon final approval of the Settlement provided for in this Settlement Agreement, each and every time period and provision thereof shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

**IT IS SO ORDERED.**

Dated: _October 3, 2011_

_____
HON. CLAIRE C. CECCHI
UNITED STATES DISTRICT JUDGE