UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| In re PHILIPS/MAGNAVOX TELEVISION LITIGATION | Civ. A. No. 09-03072 (CCC) (JAD) <br><br> Class Action |

ORDER GRANTING AND JUDGMENT
FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
CERTIFYING SETTLEMENT CLASS

WHEREAS, this matter has come before the Court pursuant to the Motion for Order Granting Final Approval of Class Action Settlement and Certifying Settlement Class (the "Motion");

WHEREAS, the Court finds that it has jurisdiction over this Action.[1]

WHEREAS, on **October 3**, 2011, this Court granted Plaintiffs' Unopposed Motion for Preliminarily Approval of the Settlement Agreement and Provisional Class Certification (the "Preliminary Approval Order");

WHEREAS, the Settlement Class conditionally certified in the Preliminary Approval Order has been appropriately certified for settlement purposes only;

WHEREAS, the Court has held a hearing on **December 15, 2011** to consider the fairness, reasonableness and adequacy of the Settlement Stipulation, has been

---

[1] Capitalized terms herein have the meaning as specified in the Settlement Stipulation, dated September 15, 2011.

1

advised of all objections to the Settlement and has given fair consideration to such objections;

WHEREAS, the Court has considered the Motion, the Stipulation of Class Action Settlement, dated September 15, 2011, and the exhibits thereto (the "Settlement Stipulation" or the "Settlement"), and objections to the proposed Settlement; and

WHEREAS, the Court is otherwise fully advised in the premises and has considered the record of these proceedings, the representations, arguments, and recommendation of counsel for the parties, and the requirements of law.

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

**I.   FINAL APPROVAL OF THE SETTLEMENT AGREEMENT**

The terms of the Settlement Stipulation are approved. The Settlement is in all respects fair, reasonable, adequate and proper, and in the best interest of the Class. In reaching this conclusion, the Court has considered a number of factors, including an assessment of the likelihood that Plaintiffs would prevail at trial; the range of possible recovery available to such Plaintiffs; the consideration provided to Settlement Class Members pursuant to the Settlement Stipulation as compared to the range of possible recovery discounted for the inherent risks of litigation; the complexity, expense and possible duration of such litigation in the absence of a settlement; the nature and extent of any objections to the Settlement; and the stage of proceedings at which the Settlement was reached.

The proposed Settlement was entered into by experienced counsel and only after extensive arms-length negotiations, including through mediation supervised by a former United States District Judge. The proposed Settlement is not the result of collusion. The proposed Settlement was entered into in good faith, is reasonable, fair and adequate, and is in the best interest of the Settlement Class. Class Counsel and the Class Representatives have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Stipulation.

The Court further finds that, for the reasons detailed below, there is no just reason for delay in entering the Final Judgment and Order Approving Settlement between the Settlement Class Members and Philips pursuant to Rule 54(b) of the Federal Rules of Civil Procedure because:

(1) Delay would not be in the best interests of the hundreds of thousands of consumers in the Settlement Class who will be able to submit claims and receive benefits shortly after entry of the Final Judgment and Order Approving Settlement and the expiration of any associated time for appeal or the resolution of any appeal;

(2) The Final Judgment and Order Approving Settlement furthers the interests of judicial economy and administration by resolving the majority of outstanding claims and by greatly limiting the scope of all remaining claims and

the need for additional discovery and by focusing the efforts of the Parties and this Court on the most contentious outstanding and unresolved issues;

(3)   The unadjudicated claims concern televisions which did not exhibit the capacitor defect alleged in the action;

(4)   Entry of the Final Judgment and Order Approving Settlement would not prejudice any of the remaining unadjudicated claims;

(5)   The slim possibility that any reviewing court would be obliged to consider the same issues a second time, given the fact that the Parties were unable to reach an agreement with respect to the unadjudicated claims and are unlikely to reach a similar settlement in the future concerning these claims; and

(6)   Future developments in the District Court with respect to the unadjudicated claims could moot the need for appellate review.

## II.   CLASS CERTIFICATION

### A.   CERTIFICATION OF SETTLEMENT CLASS

Preliminary approval was granted with respect to the proposed Settlement Class on  October 3 , 2011:

> All Persons who purchased new or received as a gift a new Philips or Magnavox plasma television of one of the following models in the United States with a serial number reflecting a manufacturing date between November 1, 2005 through December 31, 2006:
>
> | | |
> |---|---|
> | 50PF9830A/37 | 42PF9630A/37 |
> | 50PF9731D/37 | 42PF7321D/37 |
> | 50PF9631D/37 | 42PF7320A/37 |

4

| | |
|---|---|
| 50PF9630A/37 | 42PF7220A/37 |
| 50PF9431D/37 | 42PF5321D/37 |
| 50PF7321D/37 | 50MF231D/37 |
| 50PF7320A/37 | 50PF7220A/37 |

**B.     Rule 23(a)**

With respect to the proposed Settlement Class as set forth in the Settlement Stipulation, this Court has determined that, for purposes of a settlement of the Action only, Plaintiffs have satisfied each of the Rule 23(a) Prerequisites:

1.     The Class Members are so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1).

2.     There are questions of law or fact common to the Settlement Class. Fed. R. Civ. P. 23(a)(2). Common questions of law or fact include: (1) whether the Philips Plasma TVs were subject to a common design defect; (2) whether Philips failed to adequately disclose material facts related to the Philips Plasma TVs to consumers prior to sale of the televisions; (3) whether Philips' conduct was unlawful; and (4) how any resulting monetary damages to consumers should be calculated.

3.     The claims of the Class Representatives are typical of the claims of the Settlement Class. Fed. R. Civ. P. 23(a)(3). Here, Plaintiffs have alleged that Philips sold defective products and failed to disclose or adequately disclose material facts to members of the Settlement Class. Plaintiffs assert that there was

sufficient uniform treatment by Philips so that each Class Representative and Settlement Class Member presents (i) the same claim concerning (ii) the same conduct and (iii) seeks the same relief from Philips. The ability of the parties to achieve a settlement on terms applicable to the entire Settlement Class underscores the finding of typicality.

4.  Class Representatives will fairly and adequately protect the interests of the Settlement Class. Fed. R. Civ. P. 23(a)(4). The Class Representatives do not have interests that are antagonistic to the Class and are fully aligned with the interests of other Class Members. Accordingly, the Court finds that Class Representatives have satisfied Rule 23(a) for purposes of evaluating this Settlement.

**B.   Rule 23(b)(3).**

With respect to the Settlement as contained in the Settlement Stipulation, the Court also "finds that the questions of law or fact common to class members predominate over any questions affecting only individual members," and "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Here, Settlement Class Members share a common legal grievance arising from Philips's alleged failure to disclose or adequately disclose material facts related to Philips Plasma TVs to any of the purchasers of the Philips Plasma TVs

and the sale of what Plaintiffs identify as defective products.  Common legal and factual questions are central to all Class Members' claims and predominate over any individual questions that may exist for purposes of this Settlement, and the fact that the Parties are able to resolve the case on terms applicable to all Settlement Class Members underscores the predomination of common legal and factual questions for purposes of this Settlement.  In concluding that Settlement Class should be certified pursuant to Rule 23(b)(3) for settlement purposes, the Court further finds that a class action is superior for purposes of resolving these claims because individual class members have not shown any interest in individually controlling the prosecution of separate actions.  Moreover, the cost of litigation far out paces the individual recovery available to any Plaintiffs.  *See* Fed. R. Civ. P. 23(b)(3)(A). Accordingly, the Court finds that, for purposes of this Settlement, Rule 23(b)(3) has also been satisfied.

> The Court finds that the Class Representatives are adequate representatives to maintain their consumer fraud claims on behalf of the Settlement Class Members.  The Court hereby certifies, for settlement purposes only, the following Settlement Class:

> > All Persons who purchased new or received as a gift a new Philips or Magnavox plasma television of one of the following models in the United States with a serial number reflecting a manufacturing date between November 1, 2005 through December 31, 2006:

| | |
|---|---|
| 50PF9830A/37 | 42PF9630A/37 |
| 50PF9731D/37 | 42PF7321D/37 |
| 50PF9631D/37 | 42PF7320A/37 |
| 50PF9630A/37 | 42PF7220A/37 |
| 50PF9431D/37 | 42PF5321D/37 |
| 50PF7321D/37 | 50MF231D/37 |
| 50PF7320A/37 | 50PF7220A/37 |

## III. NOTICE

The Court finds that the Notice Program (i) satisfied the requirements of Rule 23(c)(3) and due process; (ii) was the best practicable notice under the circumstances; (iii) reasonably apprised Settlement Class Members of the pendency of the action and their right to object to the proposed Settlement or opt out of the Settlement Class; and (iv) was reasonable and constituted due, adequate and sufficient notice to all those entitled to receive notice. Additionally, the Class Notice adequately informed Class Members of their rights in the Action. *See* Fed. R. Civ. P. 23(c)(2).

## IV. DISMISSAL WITH PREJUDICE

This Court hereby enters a judgment of dismissal, pursuant to Fed. R. Civ. P. 54(b), of the claims by the Settlement Class Members, with prejudice, and without costs, except as specified herein.

## V. COUNSEL FEES AND COSTS

The Court hereby grants Co-Lead and Liaison Counsel's request for an award of reasonable attorneys' fees and expenses in the amount of $ 1,575,000.00

to be paid by Philips and an Incentive Award for the Class Representatives in the amount of $ 750.00 for each Class Representative to be paid by Philips.

Co-Lead Counsel and Liaison Counsel, in their sole discretion, shall allocate and distribute this award of Attorneys' Fees and Expenses among Plaintiffs' Counsel.

## VI.   RELEASES AND FURTHER RELIEF

As the terms are defined in the Settlement Stipulation, each Released Party is released from the Released Claims that any Releasing Party has, had, or may have in the future, against each Released Party.  The Releases are independent of the dismissals with prejudice provided herein.  The Covenant Not To Sue has been given by each Settlement Class Member in favor of each Released Party, by which all Settlement Class Members are bound.  Settlement Class Members are barred and enjoined from asserting against any Released Party any Released Claim.

Further, each Releasing Party and Settlement Class Member, and their respective present and former parents, subsidiaries, divisions and affiliates, the present and former partners, employees, officers and directors of each of them, the present and former attorneys, accountants, experts, consultants and insurers, and agents of each of them, each of the foregoing solely in their capacity as such, and the predecessors, successors, heirs and assigns of each of them, are released from all claims of every nature and description, known and unknown, that any Released

Party has had, or may in the future have relating to the initiation, assertion, prosecution, non-prosecution, settlement and/or resolution of the Action or the Released Claims, and all Released Parties are barred and enjoined from asserting the same.

Further, Philips and any retail seller and/or distributor of Philips Plasma TVs, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former partners, employees, officers, and directors of each of them, the present and former attorneys, accountants, experts, consultants, insurers and agents of them, and the predecessors, successors, heirs and assigns of each of them are released from all claims of every nature and description, known and unknown, that any Releasing Party has, had or may in the future have relating to the defense, settlement and/or resolution of the Action or the Released Claims, and all Releasing Parties are barred and enjoined from asserting the same.

## VII. OPT-OUTS

A list of those members of the Class who have timely elected to opt-out of the Settlement and the Class, and who therefore are not bound by the Settlement, the provisions of the Settlement Stipulation, and this Order, AND JUDGMENT has been submitted to the Court and is attached as Exhibit "A" and incorporated by reference herein. All other members of the Settlement Class (as permanently certified herein) shall be

subject to all of the provisions of the Settlement, the provisions of the Settlement Stipulation, and this Order

## VIII. CONTINUING JURISDICTION

Without any way affecting the finality of this Order And Judgment, the Court hereby retains jurisdiction over the Parties to the Settlement Stipulation, including all Settlement Class Members, and Class Counsel to construe and enforce the Settlement Stipulation in accordance with its terms for the mutual benefit of the Parties

**IT IS SO ORDERED** AND ADJUDGED.

Dated: May 14, 2012

_____
Hon. Claire C. Cecchi
United States District Judge

# EXHIBIT A

**DAHL**

**PHILIPS PLASMA TV SETTLEMENT**
**OPT OUT SUMMARY**
**PREPARED DECEMBER 6, 2011**

| Opt-Out Number | ID Number | Name | Address 1 | City | State | Zip | Receipt Date | Comments |
|---|---|---|---|---|---|---|---|---|
| 1 | 199612 | John Talley | 905 Craighills Pl | Jonesboro | AR | 72404-8797 | 10/17/11 | |
| 2 | 347037 | Randy Figur | 424 Chesterfield Rd | Raleigh | NC | 27608 | 10/17/11 | TV purchase was refunded. |
| 3 | 635387 | Frank Wells | 3811 S 8th St | Tacoma | WA | 98405 | 10/17/11 | |
| 4 | 635394 | Frank Wells | 3811 S 8th St | Tacoma | WA | 98405 | 10/17/11 | |
| 5 | 30809 | Cheryl Carter | 906 Pheasant Ln | Savoy | IL | 61874-9595 | 10/17/11 | |
| 6 | 379236 | Ralph Gushiken | 1390 Saddle Rack St, Unit 425 | San Jose | CA | 95126 | 10/17/11 | |
| 7 | 64064 | Josephina Fernandez | 9038 Mary Ave NW | Seattle | WA | 98117 | 10/21/11 | |
| 8 | 40167 | Deborah Coppola | 98-17 Horace Harding Expwy, Apt 3N | Corona | NY | 11368 | 10/27/11 | |
| 9 | 100526 | August Jarvis | PO Box 157 | Grand River | OH | 44045-0157 | 10/31/11 | |
| 10 | 74346 | Michiyo Gibo | 16919 S Raymond Ave | Gardena | CA | 90247 | 11/02/11 | |
| 11 | 191371 | George Smythe | 1206 Wyoming Way | Anderson | IN | 46013 | 11/04/11 | |
| 12 | 196314 | Chauncey Stone | 2516 Old Liberty Dr | Axton | VA | 24054 | 11/04/11 | |
| 13 | 493734 | James Morgan | 2400 Eilers Ln, #1307 | Lodi | CA | 95242-9659 | 11/15/11 | |